## Murphy *v.* Smith, Appellant.

Argued October 9, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Richard DiSalle,* with him *Michael E. Kusturiss,* for appellant.

*Stephen I. Richman,* with him *Greenlee, Richman,. Derrico & Posa,* for appellees.

OPINION PER CURIAM, November 10, 1964:
On November 20, 1962, Mary Murphy and her husband Howard, filed a praecipe for summons in trespass against Darrell G. Smith, individually and trading as Cabana Beach Park, the summons being served on Darrell Smith. Smith gave the summons to the insurance agent (James W. Arbore) through whom he had purchased the liability insurance covering his premises. Arbore informed Smith that he would take care of the matter. On May 31, 1963, Smith was served with a complaint in trespass; again he called Mr. Arbore, who advised him that "There must be some mistake. Forward it to me and I will take care of it once more." Smith forwarded the complaint to Arbore and heard nothing more about the matter until his attorney (Michael E. Kusturiss), while examining a title on July 9, 1963, discovered that the plaintiffs had, on June 26, 1963, filed a praecipe for judgment by default against Smith for want of filing an appearance. On July 18, 1963, Smith, through counsel filed a petition to open the default judgment. After answer containing new matter filed by the plaintiffs and a reply filed by the defendant, and hearing thereon, the court below refused to open the judgment.

The action of the court below is not to be reversed unless it abused its discretion: *Lened Homes, Inc. v. Dept. of Licenses,* 386 Pa. 50. A study of the record fails to reveal such abuse. The court below properly held that the failure of the insurance broker to take steps to protect the defendant, though perhaps giving rise to a cause of action by the defendant against the broker and/or the insurance carrier, could not deprive the plaintiffs of their right to judgment in reliance on the defendant's non-action. This is not the case of a defendant justifiably depending on his legal counsel to take necessary steps to protect him, but the case of a defendant relying on an insurance broker's statements that he would take care of the matter. Since the broker and/or insurance company is not hired to protect the defendant generally in the litigation and necessarily would have the desire to limit their consideration to insurance coverage only, the defendant should have taken further steps to insure protection of his rights. As between defendant and the plaintiffs the responsibility for the broker's actions must remain on the defendant, it now developing that the party in possession and control of the premises on which the wife-plaintiff fell was not the individual defendant but a corporation. If the judgment were permitted to be opened, the plaintiffs' cause of action against the corporation would be barred by the statute of limitations.

Order affirmed.

Mr. Chief Justice BELL dissents.