Sprouse *v.* Kline-Styer-McCann, Post No. 7155
Veterans of Foreign Wars (et al., Appellant).

Argued June 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Andrew B. Cantor,* with him *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellant.

*Ronald I. Rosenstein,* with him *Rosenstein & Kleitman,* for appellee.

OPINION BY PRICE, J., December 1, 1975:

This is an appeal from a lower court order dismissing appellant's petitions to open and to strike a default judgment rendered against him. The order of the lower court is reversed and the judgment is opened.

On April 2, 1967, plaintiff-appellee William B. Sprouse, the police chief of Trappe Borough, was injured while attempting to make a lawful arrest of a patron of a club located in the Veterans of Foreign Wars Building in Trappe Borough. Appellee's injuries were caused during a violent dispute with the intended arrestee, who was intoxicated. The club, or canteen, was

operated by Kline-Styer-McCann Veterans Home Association (Association), a non-profit corporation composed of the living members of the Kline-Styer-McCann Post No. 7155 of the Veterans of Foreign Wars (Post). On the above-mentioned date, defendant-appellant Reuben Hookway was Commander of the Post and President of the Association.

On February 24, 1969, appellee filed a complaint in trespass, naming as defendants the Post, Association, and eight named individuals, one of whom was the appellant. On June 12, 1972, the appellee was granted a default judgment in the Court of Common Pleas of Montgomery County, against all of the defendants except the Association. Petitions to strike and to open the judgments were filed on behalf of all the individual defendants, and, on July 18, 1974, the judgments were stricken as to all of the petitioners except appellant. On this appeal, appellant contends that the lower court abused its discretion in refusing to open the judgment against him, or in the alternative, erred in refusing to strike the judgment.

The conditions precedent to opening a judgment have been oft repeated: (1) the petition to open must promptly be filed; (2) the default must reasonably be explained or excused; (3) a defense to the cause of action must be shown to exist upon the merits. *Sta-Rite Industries, Inc. v. Century Water Treating,* 230 Pa. Superior Ct. 285, 326 A.2d 425 (1974), and cases cited therein. We proceed, then, to consider whether the present case meets those conditions.

I

Appellee filed his complaint on February 24, 1969. Process was served by personally handing a copy of the complaint to appellant's wife, at his home, on February 27, 1969. The default judgment was entered on June 12, 1972, and the petition was filed on January 25, 1974.

Appellant filed an affidavit with the court explaining

that he had no notice of the judgment entered against him until November, 1973. Appellee, in his answer to the petition, admitted that the judgment was taken without notice, and, in fact, appellee's brief does not dispute the fact that appellant acted promptly.

We feel that appellant's petition was promptly filed, considering the entire length of time that has elapsed in this case. The event in question occurred over six-and-one-half years prior to the date when appellant received notice of the judgment. Appellant did not receive notice of the judgment until almost four years and nine months after service of process. Appellant's brief alleges that he was greatly confused upon finding that a judgment had been taken against him without his knowledge. In addition, appellant had to retain counsel and facts had to be mustered. Under these circumstances, we do not feel that a delay of approximately two months indicates a lack of diligence on appellant's part.

## II

Appellant's explanation for his failure to appear is that he thought he was being properly represented. When appellant received the complaints from his wife, he took them with him to the next Association meeting. From there, they were turned over to the company that provided insurance for the Association. At that time, appellant was informed that the insurance company would handle the case.

Appellant, as President of the Association, received a letter addressed to the Association from the insurance company. The letter stated, *inter alia*, "[w]e recently entered an appearance for you in the suit of William Sprouse v. Kline, Styer, McCann Veterans Home Association. . . ." The letter did not inform appellant that he, as a private individual, or any of the private individuals involved, would need to retain private counsel. Coupled with the fact that appellant had already been told that

the insurance company would handle the matter, this letter indicates that appellant, a layman, was not unreasonable in believing that whatever interest he had in the case was being properly represented. It is instructive to note that not one of the individuals named in the complaint retained private counsel, and default judgments were granted against all of them. This, of course, does not excuse appellant. However, the fact that seven other responsible individuals must have believed that their interests were being represented increases the likelihood that appellant's identical belief was a reasonable one.

Further, an examination of this record reveals that the other individual defendants were sued in the same capacity as was this appellant, *i.e.*, as officers of either the Post or Association. The other seven defendants were not served personally, the sheriff's return revealing that their service was attempted by serving copies of the complaint upon Mrs. Hookway at the Hookway residence. This undoubtedly formed the basis for striking the judgments against them, which was entirely proper, and in denying the motion to strike as to appellant, who was properly served. Nevertheless, the record, including the depositions, reveals that appellant delivered all the papers served to the Post and to the Association. It is obvious that these papers were discussed at meetings of both the Post and Association. Action was taken by the officers to turn these papers over to what was perceived to have been the proper channels of authority. To preserve the judgment against appellant under these conditions, while releasing the judgment as to the other seven defendants, who are in the same posture as appellant, does not achieve an equitable result and defeats at least the equitable nature inherent in the consideration of the opening of a default judgment.

We are reluctant to let stand a default judgment where a litigant has taken steps that he reasonably believes will result in the protection of his interests. This would be a

difficult case had appellant ignored the process and done nothing. In this case, however, appellant acted, although mistakenly, to protect his interests.

### III

As noted in *Balk v. Ford Motor Company,* 446 Pa. 137, 285 A.2d 128 (1971), where the equities are clear, a good defense need not be posited to have the judgment opened in a trespass action. However, that court also noted that a good defense can qualify as an equitable consideration favoring the opening of the judgment.

In this case, appellee premises appellant's liability on appellant's alleged failure to supervise properly the administration of the bar in the canteen. Yet, appellant was home, sleeping, at the time that appellee was injured. Furthermore, it appears that appellant had very little to do with running the bar. The canteen and bar were run by a co-defendant, Mr. Wilmer Hedges. Even if the bar was not being properly administered by Mr. Hedges, there is authority that appellant cannot be held vicariously liable for wrongdoings of other employees simply because of his position. *Chester-Cambridge Bank and Trust Company v. Rhodes,* 346 Pa. 427, 31 A.2d 128 (1943). There may well be other issues, as well as defenses, that will appear upon trial. We do not intend, by our holding today, to express any opinion as to the ultimate determination of the action on its merits.

The order of the lower court is reversed and the case is remanded for proceedings consistent with this opinion.

HOFFMAN, J., concurs in the result.