## Day *v.* Wilkie Buick Company (et al., Appellant).

Argued September 11, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William V. Coleman*, with him *Frazer Hilder*, and *Liebert, Short, Fitzpatrick & Lavin*, for appellant.

*Charles A. Harad*, with him *Steinberg and Girsh*, for appellee.

OPINION BY VAN DER VOORT, J., March 29, 1976:

Appeal is taken to this Court from an Order of the lower court denying appellant's petition to open judgment. Appellee had filed suit in trespass on October 3, 1973, and obtained service on appellant General Motors on October 11, 1973, by handing a copy of the complaint

to a secretary-receptionist at appellant's authorized agent.[1] Appellee obtained judgment on February 20, 1974, for appellant's failure to file an answer. Our Supreme Court in *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A.2d 128, 130-131 (1971), stated the applicable requirements as follows:

"As we have had occasion to reiterate several times recently, a petition to open a judgment is a matter of judicial discretion, is an appeal to the court's equitable powers, and is to be exercised only when three factors coalesce:

(1) the petition has been promptly filed;

(2) a meritorious defense can be shown;[3]

(3) the failure to appear can be excused. A lower court's ruling opening or refusing to open will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion.

[Citations omitted]

. . .

3. The rule has always been that where the equities are otherwise clear, in a trespass case as opposed to one in assumpsit, a good defense need not be posited in order to open a default judgment. [Citations omitted] The difference is attributable to differing pleading practices.

Thus while a good defense would normally not be required in a trespass action, where present it can at least qualify as an equitable consideration favoring the opening of judgment."

Likewise, we are governed by equitable principles. *Oppenheimer v. Shapiro*, 163 Pa. Superior Ct. 185, 60 A.2d 337 (1948). It has long been our position that "to have a judgment opened, taken by default, it is necessary to present sufficient reasons to appeal to the conscience of the judge, who sits as a chancellor, and convince him that injustice has been done." *Kanai v. Sowa*, 109 Pa. Superior Ct. 426, 427-428, 167 A. 429, 430 (1933).

This being a trespass case, before us are two questions:

---

1. It is noted that proceedings against Wilkie Buick Company are not under consideration herein.

74

(1) appellant's prompt filing of its petition to open, and

(2) appellant's positing an excuse for its failure to appear.

The docket entries show that the petition to open was filed on March 7, 1974. We hold that this is sufficiently prompt following the February 20, 1974, entry of judgment. As to the second requirement, appellant alleged that the secretary-receptionist had apparently failed to pass along the copy of the complaint and the notice of suit. While it is regrettable in view of legally-sufficient service of process, that this employee may have been ignorant as to proper procedure and the need for prompt action, the excuse is plausible. It is not that type of excuse, such as dilatoriness by an attorney or failure to act by one who knows its implications, which we would consider inadequate. Appellant's counsel learned of the suit on February 20, 1974. He alleges that he immediately apprised himself of the fact that the docket did not show a judgment entered. On this same day, however, February 20, 1974, at or before 1:50 P.M. in the afternoon, appellee's counsel informed him that judgment had been entered.[2] When appellant went to enter his appearance on February 21, 1974, the Prothonotary informed him that judgment had been taken in the late afternoon of the previous day. We view these allegations as supportive of appellant's claim of excuse. We need not, however, pass upon the truth or falsity of the claim; our inquiry goes only to whether a petitioner, in attempting to open, has presented a sufficient case of excuse. In this case, we hold that an excuse for delay is adequately posited.

While it is not necessary to consider appellant's allegation of meritorious defense, we shall do so in the exercise of our equitable powers. To the contrary of appellee's allegations of property damage and personal

---

2. The docket shows that judgment was entered at 2:30 P.M. on February 20, 1974.

injury due to an automobile defectively manufactured by appellant, it avers "that the injury to the plaintiff was caused not by the product but by plaintiff's own inattention and carelessness". The record pleadings indicate that this is a "garden variety" trespass case in which appellant's allegations, if proved at the trial, may serve as a defense of merit. Furthermore, we note that appellee's case regarding damages will not be prejudiced by our reversing the lower court's order for the reason that this very real issue as to damages must be proved in order to be liquidated.

Sitting as might a chancellor in equity, we find that justice will best be served by this case going to trial. Therefore, we hold that the lower court abused its discretion in denying the petition to open, it appearing to our Court that appellant has met the two necessary requirements and has convinced us of the equity residing in its position.

Order reversed.

JACOBS, J., concurs in the result.

DISSENTING OPINION BY HOFFMAN, J.:

The majority opinion concludes that "[s]itting as might a chancellor in equity, we find that justice will best be served by this case going to trial. *Therefore,* we hold that the lower court abused its discretion." (Majority Opinion at 75) (Emphasis added). It is apparent that the majority holds that the lower court erred in denying appellant's petition to open a default judgment not because the lower court abused its discretion, but because the majority would have reached the opposite result were it the lower court. Once again, I ask our Court to accept the proposition that a mere error in judgment does not constitute an "abuse of discretion." It is irrelevant that we would decide differently were we charged with the duty to decide the case in the first instance. Discretion is abused "if in reaching a conclusion the law is overridden or misapplied, or the judgment

exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record..." *Mielcuszny et ux. v. Rosol*, 317 Pa. 91, 93-94, 176 A. 236 (1934). *See also Mackarus Estate*, 431 Pa. 585, 246 A.2d 661 (1968); *Garrett's Estate*, 335 Pa. 287, 6 A.2d 858 (1939); *Campbell v. Heilman Homes, Inc.*, 233 Pa. Superior Ct. 366, 335 A.2d 371 (1975) (HOFFMAN, J., dissenting); *Sta-Rite Industries, Inc. v. Century Water Treating*, 230 Pa. Superior Ct. 285, 326 A.2d 425 (1974) (JACOBS, J., dissenting). When viewed against this definition, it is clear that the lower court did not abuse its discretion. I would affirm the order of the court below.

SPAETH, J., joins in this dissenting opinion.