364 A.2d 358

**BETHLEHEM APPARATUS COMPANY, INC.**

**v.**

**H. N. CROWDER, JR., COMPANY, Defendant,**

**and**

**Altronics, Inc., Appellant,**

**and**

**Norris Industries, Additional Defendant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

452

Butz, Hudders & Tallman, Richard F. Stevens, Allentown, for appellant.

John D. DiGiacomo, Easton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

The appellant contends that the court below improperly dismissed its petition to open a default judgment rendered against it. We find this contention to be without merit and therefore affirm the order of the lower court.

On April 3, 1972, the appellee, averring breach of contract, filed a complaint in assumpsit against the appellant, Altronics, Inc. (Altronics). On May 1, 1972, the manager of Altronics received service of the complaint, properly endorsed with notice to plead, and thereafter, without reading or describing the contents, notified the president of Altronics that some legal papers had been received. The president of Altronics, then incapacitated due to an automobile accident, instructed the manager

to inform both the corporation's attorney and its insurance carrier. The manager promptly contacted the corporation's attorney, who advised the manager to forward the information to the party properly responsible for the handling of the matter, namely, the corporation's liability insurer. Pursuant to these instructions, the manager apprised an agent of Altronics' insurance carrier of the service of the complaint. Furthermore, the manager emphasized that a responsive pleading was required to be filed within twenty days. No answer, however, was filed to appellee's complaint, and, on August 30, 1972, the appellee entered a default judgment against Altronics. Sometime in May of 1973, the appellant discovered that a default judgment had been entered against it. On May 30, 1973, the appellant filed a petition to open the default judgment. The appellant thereafter failed to pursue diligently this action, prompting the appellee ultimately to list the case for argument. On May 22, 1975, after the submission of briefs and oral argument, the lower court dismissed the appellant's petition to open the default judgment.

A lower court's disposition of a petition to open a default judgment is a matter of discretion, and will not be overturned in the absence of a clear, manifest abuse of that discretion. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). In determining whether a lower court has abused its discretion, we must consider whether three conditions have coalesced: (1) the petition to open was promptly filed, (2) the default was reasonably explained, and (3) a defense on the merits was shown to exist.[1] *Ruczynski v. Jesray Construction*

1. If the equities are otherwise clear, a defendant need not show a defense on the merits in order to have a default judgment opened in a trespass action. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Beam v. Carletti*, 229 Pa.Super. 168, 323 A.2d 180 (1974).

*Corp.*, 457 Pa. 510, 326 A.2d 326 (1974); *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973). After reviewing the record, we agree with the finding of the court below that the appellant failed to present a reasonable explanation for its failure to answer.[2]

The appellant explained its failure to respond by stating that it believed that it was being properly represented by its counsel or its insurance carrier. The record shows, however, that this is not a case where a moving party can assert *justifiable* belief that his legal counsel or insurance carrier will take all necessary actions to protect him legally. *See, e. g., Murphy v. Smith*, 415 Pa. 512, 204 A.2d 275 (1964); *Sprouse v. V.F.W. Post 7155*, 237 Pa.Super. 419, 352 A.2d 134 (1975); *Colacioppo v. Holcombe*, 166 Pa.Super. 186, 70 A.2d 452 (1950). Here, the appellant notified its insurance carrier of the receipt of the appellee's complaint by letter, which stated, in part, that the matter involved was "[p]robably covered in our liability" and that "[t]here was a 20 day response time on [the complaint]." Significantly, the appellant received no answer to this letter from the insurance company. Thus, although the appellant realized that there existed some possibility that the insurance carrier would not be responsible for its defense and that, in any event, a timely response was necessary, it failed to inquire as to the status of its claim or even to seek any assurances from the insurance carrier that it was being represented. The record also reveals that the appellant failed to transfer the complaint to the insurance carrier, leaving it in the possession of its attorney. The appellant, in its petition to open, offered no explanation as to why the insurance carrier failed to act, stating simply that it "[h]as no present information as to why the insurance carrier

2. Because we hold that the appellant did not present a satisfactory excuse for its failure to answer the appellee's complaint, we need not determine whether appellant's petition to open was promptly filed or whether a defense on the merits was shown to exist.

did not enter a defense on its part." We find that the record clearly shows that the appellant has not acted in a manner which would have enabled it to rely justifiably upon legal representation by the insurance carrier.

The appellant's relationship with its counsel in regard to the appellee's complaint manifests this same pattern of neglect. The appellant, in its petition to open, admits that it was informed by its counsel that "[t]his was a matter that was not in his area of expertise and to make sure that the matter was turned over to the insurance carrier. . . . " In light of this disclaimer of responsibility, we are unable to ascertain how the appellant justifiably relied upon its attorney to answer the complaint. The appellant offers no further explanation in support of its contention.

It is axiomatic that the moving party, in order to gain relief from a default judgment, is required to explain or justify reasonably his failure to answer. *See, e. g., Barron v. William Penn Realty Co., 239* Pa.Super. 215, 361 A.2d 805 (Filed March 29, 1976). Here, however, the appellant has failed to show that it acted in a manner which would reasonably result in the protection of its legal interests. This, by itself, invalidates the appellant's contention that it justifiably believed that it was being properly represented. We agree, therefore, with the court below that the appellant failed to reasonably explain or excuse the default.

The order of the lower court is affirmed.