375 A.2d 368

**John L. SCHUTTE and Elva Schutte, husband and wife, Appellants,**

v.

**VALLEY BARGAIN CENTER, INC.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1976.

Decided June 29, 1977.

Oran W. Panner, Beaver, for appellants.

Thomas A. Lazaroff, Pittsburgh, for appellee.

Before JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This case is an appeal by John and Elva Schutte from an order opening a default judgment which had been entered against the appellee, Valley Bargain Center, Inc. (Valley Bargain) for want of an appearance. Appellants, John and Elva Schutte, alleged that on June 28, 1972, Mr. Schutte, while a business visitor on the premises, fell in front of a retail store leased by Valley Bargain. On February 21, 1973, appellants' counsel wrote a letter to Valley Bargain advising that Mr. Schutte's injury was caused by a defect in the step or sidewalk of the premises. Appellants' counsel further advised Valley Bargain to turn the letter over to its insurance company and specifically requested that Valley Bargain or its insurance company communicate with him. Rather than responding to counsel's letter, Valley Bargain gave the letter to its landlord, Mrs. Kolumban, who in turn gave it to her insurance company, Erie Insurance Exchange. Valley Bargain was next alerted of appellants' claim when, on June 12, 1974, a complaint was personally served on Valley Bargain's manager. Once again, Valley Bargain gave the complaint to its landlord who forwarded it to her insurance company. Erie Insurance Exchange, which did not insure Valley Bargain, attempted to return the suit papers to Valley Bargain, but the manager refused to accept the papers. By letter dated June 20, 1974, the suit papers were mailed to Valley Bargain by Erie, and only then did Valley Bargain send the papers to its own insurance company. On

July 17, 1974, there being no communications to appellants' counsel, no appearance entered on behalf of Valley Bargain, and no answer filed, appellants took default judgment against Valley Bargain pursuant to Rule 1047 of the Pennsylvania Rules of Civil Procedure. Appellants' counsel immediately sent a letter to Valley Bargain, informing it of the action taken and enclosing a certified copy of the judgment. On September 11, 1974, Valley Bargain filed a petition for rule to show cause why the default judgment should not be opened, and the judgment was opened by order of court dated January 30, 1975. Hence this appeal.

The opening of a default judgment is a matter of judicial discretion which is to be exercised in trespass actions only if (1) the petition to open was promptly filed, and (2) there exists a legitimate explanation or excuse for the delay that occasioned the default judgment. *Zellman v. Fickenscher*, 452 Pa. 596, 307 A.2d 837 (1973). In the instant case, we believe that the lower court abused its discretion in ordering the default judgment opened.[1]

Appellee, Valley Bargain, established a legitimate explanation for the delay that occasioned the default judgment. Since the letter from appellants' counsel alleged a defect in the step or sidewalk of the premises as the cause of appellants' injuries, and since Valley Bargain was only a lessee of the premises, it was reasonable for Valley Bargain to turn the letter over to its landlord. Furthermore, Valley Bargain was not informed prior to June 20, 1974, by either its landlord or its landlord's insurance company, that this procedure would not protect its interests. Therefore, Valley Bargain's failure to enter an appearance prior to June 20, 1974, was excused because it rested upon Valley Bargain's reasonable, though mistaken, belief that the suit papers had

1. Appellee, Valley Bargain, also alleges a meritorious defense in the instant case, i. e., non-responsibility for the alleged defective condition outside the premises coupled with an allegation of appellant's contributory negligence. In trespass actions, unlike assumpsit, the showing of a meritorious defense is not a prerequisite for the lower court's exercise of its discretion to open although it is a consideration favoring the opening of judgment when other equities are not clear. *Balk v. Ford Motor Co.*, 446 Pa. 137, 140 n. 3, 285 A.2d 128 (1971).

been properly forwarded. As we recently noted in *Sprouse v. Post No. 7155 VFW*, 237 Pa.Super. 419, 423, 352 A.2d 134, 136 (1975):

> "We are reluctant to let stand a default judgment where a litigant has taken steps that he reasonably believes will result in the protection of his interests. This would be a different case had [defendant] ignored the process and done nothing. In this case, however, [defendant] acted, although mistakenly, to protect his interests."

As noted earlier, the suit papers were returned to Valley Bargain by its landlord's insurance company, Erie, on June 20, 1974. An accompanying letter urged Valley Bargain to waste no time in turning the papers over to its own liability carrier. Eight days later, on June 28, Valley Bargain forwarded the complaint to its insurance company, Harris-Lawrence Company, the general agent for Valley Bargain's liability insurer, Reliance Insurance Company. The complaint was then forwarded to Reliance no later than July 8, 1974.[2] Rather than acting on the complaint, however, Reliance attempted to find a non-existent accident file in this case.[3] Subsequently, default judgment was entered on July 17, 1974, and appellant sent notice thereof to Valley Bargain. The lower court concluded that under the rule of *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971), Reliance's fruitless search for the non-existent file was sufficient justification to excuse the failure to enter an appearance or file an answer prior to the entry of default judgment. While we do not hold that *Balk* mandates such a

---

2. In his deposition, Raymond T. Wilhelm, Assistant Manager of Harris-Lawrence, testified that he hand-delivered the papers to Reliance on July 3, 1974, but Edward Boehner, Manager of Reliance Insurance Company, denied receipt until July 8, 1974. In either event, Reliance had the complaint prior to the entry of the default judgment on July 17, 1974.

3. In their Petition for Rule to Show Cause Why Default Judgment Should Not Be Opened, appellee explains this mistake by noting that even though the complaint was the first notice of a claim, the date of the accident created the impression that there was an existing file which could not be located. Therefore, appellees noted, "the suit papers lay dormant awaiting attachment to a missing file which was not in existence."

conclusion,[4] we cannot say that the lower court abused its discretion in finding the delay in entering an appearance or filing an answer excusable. Therefore, we conclude that the lower court was within the bounds of its discretion in finding that the failure to file a timely answer was reasonably explained or excused.

██ However, we hold that the lower court's conclusion that the petition to open was promptly filed was an abuse of its discretion. It is admitted that by July 26, 1974, all the previous confusion had been resolved because the claims manager of Valley Bargain's insurer had known of the claim by July 8, 1974 and knew that a default judgment had been entered against their insured on July 17, 1974. Despite this knowledge, Reliance did not retain counsel until August 14, 1974,[5] and the petition to open was not filed until September 11, 1974.

We conclude that this forty-seven day delay between July 26 and September 11 requires a finding that Valley Bargain's insurer did not act promptly in moving for the opening of the default judgment. In *Pappas v. Stefan*, 451 Pa. 354, 358, 304 A.2d 143, 146 (1973) the Pennsylvania Supreme Court noted:

"[We cannot] construe these facts as corroborative of the court's conclusion that the appellee 'acted promptly' in

**4.** For example, in *Fishman v. Benjamin Noble, Inc.*, 236 Pa.Super. 611, 346 A.2d 359 (1975) we recently noted that our Supreme Court's ruling in *Balk* should not be extended "to the point where any negligent conduct on the part of insurance companies would be excused." 236 Pa.Super. at 614, 346 A.2d at 360.

**5.** Citing *Sprouse v. Post No. 7155 VFW*, supra, appellees allege that the delay in retaining counsel is excusable in light of the fact that Reliance did not, at this time, have regular local counsel in Beaver County. We find this argument totally without merit under the facts of the case at bar. Even though the instant action was filed in Beaver County, Reliance was located in Pittsburgh, all the papers were in their Pittsburgh office, they retained the Pittsburgh firm which handles cases for them on a regular basis, apparently even in other counties, and they made no attempt to consult with any other counsel. Therefore, there is no indication anywhere in the record that any part of this delay is attributable to Reliance's confusion as to whom to retain as counsel.

filing his petition to open. Default judgment was taken November 9, 1971. By appellee's own admission, notice of the default judgment was brought home to appellee about one week later. The petition to open was not filed until January 13, 1972. In *Texas & B. H. Fish Club v. Bonnell Corp.*, 388 Pa. 198, 203–4, 130 A.2d 508, 510 (1957), this Court held that, where a petition to open was filed twenty-seven days after notice of the default judgment was communicated to petitioner, the petition was properly denied. Here counsel for the appellee waited approximately fifty-five days from the date of notice to file his petition to open. No satisfactory explanation is offered for this eight-week delay. The finding of the court below that counsel acted promptly in filing his petition to open is unsupported by the evidence."

In the instant case the delay of forty-seven days was attributable both to counsel's unexplained delay in filing the petition to open and the insurance company's unreasonable delay in retaining counsel. Therefore, the lower court's finding that this negligence is excused was an abuse of its discretion.

The order of the lower court is, therefore, reversed and the judgment reinstated.

HOFFMAN, J., concurs in the result.

WATKINS, P. J., absent.