386 A.2d 91

**Philip A. MARUCCIO, Appellant,**

**v.**

**HOUDAILLE INDUSTRIES, INC., a corporation, and Tranter Manufacturing Company, Inc., a corporation, and the Penn Hills School District.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1977.

Decided April 28, 1978.

Carl Gainor, Pittsburgh, with him Snyder & Gainor, Pittsburgh, for appellant.

Donald W. Bebenek, Pittsburgh, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant contends that the lower court erred in opening a default judgment entered against appellee, Penn Hills School District. We find this contention to be without merit and affirm the order of the lower court.

On April 3, 1975, appellant, Philip A. Maruccio, was injured while participating in an evening adult education workshop class at the John Linton Intermediate School of the Penn Hills School District in Allegheny County, Pennsylvania. On September 30, 1976, appellant filed a complaint in trespass and assumpsit against the following defendants: (1) Houdaille Industries, Inc., (2) Tranter Manufacturing Company, and (3) Penn Hills School District. On December 3, 1976, a default judgment was entered against appellee, Penn Hills School District (School District). On January 14, 1977, the School District petitioned the lower court to open the judgment. After a hearing, the court below ordered the judgment to be opened. This appeal followed.

The rules governing review of default judgments by appellate courts in this Commonwealth have been stated in many cases. A petition to open a default judgment is an appeal to the lower court's equitable powers and is a matter for judicial discretion. *E. g., McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973); *Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967). An appellate court will not reverse a lower court ruling on a petition to open a default judgment unless there was an error of law or a clear abuse of discretion.[1] *E. g., Goble v. S. Klein on the Square,* 430 Pa. 93, 242 A.2d 251 (1968); *Flynn v. Silvers,* 389 Pa. 142, 132 A.2d 180 (1957). In determining whether a lower court has abused its discretion, an appellate court must consider whether three factors have coalesced: (1) the petition to

---

1. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused." *Man O'War Racing Assn., inc. v. State Horse Racing Comm.,* 433 Pa. 432, 451 n.10, 250 A.2d 172, 181 n.10 (1969), *quoting Mielcuszny v. Rosol,* 317 Pa. 91, 93–94, 176 A. 236, 237 (1934).

open must be timely filed, (2) the default must be reasonably explained or excused, and (3) the party seeking to open the judgment must show a meritorious defense.[2] *E. g., Ruczynski v. Jesray Construction Corp.,* 457 Pa. 510, 326 A.2d 326 (1974); *McCoy v. Public Acceptance Corp., supra.* In the instant case, appellant concedes that the School District was able to present a defense on the merits to the cause of action. We need therefore address only the issues of whether the petition to open was timely filed and whether the default was reasonably explained.

■ The School District explained its failure to respond by stating that it believed that it was being properly represented by its Solicitor, Mr. John Tighe. The record shows that Mr. Sylvio Roberty, Secretary and Business Manager of the School District, was served with a notice of suit and a copy of the complaint on October 21, 1976. At deposition, Mr. Roberty testified that he spent several days investigating the accident upon which the legal action was based[3] and then, on October 26, 1976, forwarded all papers to the School District's Solicitor. Mr. Roberty further testified that the School District, in addition to contacting its Solicitor, had also notified its insurance carrier of the accident shortly after its occurrence.[4] Mr. Roberty also related that prior to December 7, 1976, when he received notice that a default judgment had been entered against the School District, he believed that Mr. Tighe was doing everything necessary to

2. If the equities are otherwise clear, a defendant need not show a defense on the merits in order to have a default judgment opened in an action in trespass. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Beam v. Carletti,* 229 Pa.Super. 168, 323 A.2d 180 (1974).

3. Mr. Roberty assumed his position as Secretary of the School District on July 1, 1976, well after the occurrence of the accident on April 3, 1975.

4. Evidence of further contact between the School District and its insurance carrier concerning the instant matter is shown in the record by a letter dated October 28, 1976, in which the insurance carrier, in response to the School District's "inquiry into the status of [appellant's insurance claim]," advised the School District that it had failed to settle the claim with appellant and that appellant had retained an attorney.

protect the School District's interests. After receiving notice of the default judgment, Mr. Roberty testified that he immediately contacted Mr. Tighe, who advised Mr. Roberty, by letter dated December 8, 1976, to convey all legal papers to the School District's insurance carrier which was, in Mr. Tighe's opinion, properly responsible for the handling of the matter. On December 10, 1976, Mr. Roberty forwarded all relevant papers to the School District's insurance agent, who then relayed the papers to the insurance carrier on December 13, 1976.

The appellant contends that this is not a case where the moving party can assert a justifiable belief that his legal counsel or insurance carrier would take all necessary steps to protect him legally. *See, e. g., Murphy v. Smith,* 415 Pa. 512, 204 A.2d 275 (1964); *Sprouse v. V.F.W. Post 7155,* 237 Pa.Super. 419, 352 A.2d 134 (1975); *Colacioppo v. Holcombe,* 166 Pa.Super. 186, 70 A.2d 452 (1950). Appellant notes that on November 1, 1976, Mr. Tighe initially sent a letter to Mr. Roberty directing him to forward all papers to the School District's liability carrier. Mr. Roberty, however, testified that he did not become aware of Mr. Tighe's letter until after the entry of the default judgment when he discovered it in a file belonging to the School District's Director of Safety. Mr. Roberty's testimony indicates that the mistake in this case involves an unintentional omission to act, which has been held to constitute sufficient legal justification to open a default judgment. *Campbell v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 335 A.2d 371 (1975). The School District's failure to answer was based upon Mr. Roberty's reasonable, albeit mistaken, belief that he had taken all necessary steps to protect the interests of the School District. We are therefore unable to hold that the lower court abused its discretion by finding that the School District reasonably explained its failure to appear. *See Schutte v. Valley Bargain Center, Inc.,* 248 Pa.Super. 532, 375 A.2d 368 (1977).

Further, we are unable to hold that the lower court abused its discretion by finding that the School District's petition to open was promptly filed. Timeliness of a petition to open a default judgment is measured from the date that

notice is received of entry of the default judgment. Here, as previously stated, the School District received notice of the default judgment on December 7, 1976. On December 8, 1976, the School District was advised by its Solicitor to convey all relevant papers to its insurance carrier. On December 10, 1976, Mr. Roberty sent all the papers to the School District's insurance broker, who forwarded the papers to the insurance carrier on December 13, 1976. The insurance carrier, however, failed to convey the papers to its own counsel until January 10, 1977. The petition to open the default judgment was filed on January 14, 1977. Appellant contends that the School District has not shown that the petition to open was timely filed in light of the insurance carrier's failure to notify its own counsel of appellant's suit. The insurance carrier, however, explained that the delay was caused by the Christmas holidays and a change in claims personnel. Under these circumstances, the lower court did not abuse its discretion by failing to find that the delay of approximately thirty-eight days in filing a petition to open evidenced a lack of diligence on the part of the School District.

The order of the court below is affirmed.

HOFFMAN, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.