397 A.2d 830

**Vincent HILL, Appellant,**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Perry E. Weiss.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1977.

Decided Feb. 9, 1979.

Michael J. Pepe, Jr., Philadelphia, for appellant.

Frederick T. Lachat, Jr., Philadelphia, for appellee, Southeastern Pennsylvania Transp. Authority.

Richard R. High, Philadelphia, for appellee, Perry Weiss.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The four judges who decided this appeal being equally divided, the order is affirmed.

SPAETH, J., files an opinion in support of affirmance in which CERCONE, President Judge, joins.

VAN der VOORT, J., files an opinion in support of reversal in which PRICE, J., joins.

JACOBS, former President Judge, WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE

SPAETH, Judge:

The lower court found that the driver's act of changing his residence did not demonstrate a conspiracy on the part of SEPTA and the driver to delay the action, and on equitable

considerations it granted the petition to open the judgment. The opinion in support of reversal reaches an opposite conclusion. The facts are indeed capable of two such contradictory readings, and I could have voted to affirm the lower court if it had reached the same result as the opinion in support of reversal does. But the lower court did not reach that result, and I cannot adopt the opinion in support of reversal's position that it is proper for this court to find that the lower court abused its discretion in a case where the facts are close. The petition was addressed to the lower court's discretion. Since its discretion is supported by the record, we should not disturb it.

Affirmed.

CERCONE, President Judge, joins in this opinion.

### OPINION IN SUPPORT OF REVERSAL

VAN der VOORT, Judge:

This is an action in trespass for assault and battery instituted by appellant on April 9, 1976 against Southeast Pennsylvania Transportation Authority (SEPTA) and an unidentified bus driver (later identified as Perry E. Weiss and joined as a defendant). A judgment by default was entered against Weiss on January 25, 1977. On April 18, 1977, a petition to open the judgment was filed on behalf of both SEPTA and Weiss, and on May 17, 1977, it was granted. This is an appeal from that order.

The opening of a default judgment is an exercise of a court's equitable powers which should be used only when three factors coalesce: (1) the default has been satisfactorily explained; (2) the petition to open the judgment has been filed promptly; and (3) except in trespass cases, a meritorious defense has been pleaded. In a trespass action, such as the one before us, a meritorious defense need not be pleaded. However, if pleaded, it is an equitable consideration to be weighed. *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A.2d 128 (1971); *Day v. Wilkie Buick*, 239 Pa.Super. 71, 361 A.2d 823 (1976); *Smith v. Tonon*, 231 Pa.Super. 539, 541–542, 331 A.2d 662 (1974). No defense is pleaded in this case.

In evaluating whether Weiss has satisfactorily explained his default, we are faced with the threshold question of whether he was ever validly served with process. A substituted service was made on the Secretary of the Commonwealth under Pa.R.C.P. 2077 and 2079 on the premise that Weiss had concealed his whereabouts and thereby avoided direct service. I conclude that there was a deliberate and successful effort at concealment which justified the substituted service.

At the conclusion of the fist fight between appellant and Weiss out of which this litigation arose, Weiss refused either to identify himself or give his home address. Appellant then sought to learn the identity of the driver by inquiry of SEPTA, but was refused this information until Interrogatories were filed and an Order for Sanctions entered on October 5th when they were not answered. Only then, on October 15th, did SEPTA identify Weiss as the employee with whom appellant had had a fight. SEPTA gave its business address as the address of its driver, Weiss, but refused to accept service for him at that address.

On October 20, appellant scheduled a deposition of an official of SEPTA to obtain the home address of Weiss. The witness failed to appear at the deposition but sent a letter to appellant naming 1316 Woodbine Avenue, Bristol, Pennsylvania as the home address of Weiss. This was the same address that Weiss had used in reporting the fight to SEPTA.

The complaint was then reinstated on November 10 as to Perry E. Weiss instead of the original "John Doe". However, when the sheriff attempted service on Weiss at the Bristol address, it was refused by Weiss's mother who lived at that location and a "Not Found" return was filed by the Sheriff. It would appear that Weiss either falsely reported to SEPTA that he was living at his mother's residence in Bristol or that he moved out after filing his report on the fight. This circumstance is to be evaluated in the light of statements in the pleadings by both Weiss and SEPTA that Weiss had been reluctant to furnish appellant with the home address of Weiss because Weiss feared physical retaliation.

Failing to effect service on Weiss at the Bristol address, appellant made a substituted service on the Secretary of the Commonwealth. The evidence is convincing that Weiss, aided and abetted by his employer, SEPTA, successfully concealed his whereabouts. Under those circumstances, the service on the Secretary of the Commonwealth was authorized under Pa.R.C.P. 2077 and 2079.

Service on the Secretary of the Commonwealth was made on December 20, 1976 and a default judgment entered on January 25, 1977, Weiss having failed to enter an appearance or file an answer. Does the petition to open the judgment satisfactorily explain this default?

Weiss had been notified of the service on the Secretary of the Commonwealth both by the Secretary and the appellant by letters sent to the Bristol address. Whether Weiss ever received these notices or was told of them by his mother, we do not know. However, it is significant that in the petition to open the judgment, both Weiss and SEPTA are silent as to whether Weiss knew that service had been made on the Secretary. Under such circumstances, I can hardly say that Weiss had satisfactorily explained why he was in default when judgment was entered.

Neither can it be said that the petition to open the judgment, filed jointly by SEPTA and Weiss on April 7, 1977, was promptly filed. Notice of the entry of the default judgment was mailed to Weiss on January 25 by both the Prothonotary and the appellant. Whether Weiss ever received these notices, we do not know, for the petition to open the judgment is silent at this point.

A Certificate of Readiness to adjudicate damages was sent by appellant to both SEPTA and Weiss on or about February 14, 1977. This apparently alerted counsel for SEPTA and Weiss that judgment might have been entered by default. Counsel confirmed this fact in the latter part of February by examination of the docket entries. On March 7, he requested appellant's counsel to consent to opening the judgment. The request was refused on March 12. On April 7, the petition to reopen was filed.

This is much too leisurely a course of conduct to be accepted as prompt, regardless of whether we are dealing with the period of ten weeks between January 25 and April 7 or the six weeks between the latter part of February and April 7. This is particularly true in the light of the delaying tactics which preceded service on the Secretary of the Commonwealth. In *Pappas v. Stefan,* 451 Pa. 354, 358, 304 A.2d 143 (1973), the Supreme Court held that a fifty-five day delay in filing a petition to reopen was fatal; and in *Texas & P. H. Fish & Game Club v. Bonnell,* 388 Pa. 198, 203, 130 A.2d 508 (1957), the same court held that a twenty-seven day delay was too slow. More recently we concluded that a three-week delay did not meet the test of promptness: *Smith v. Tonon,* supra, 231 Pa.Super. at pp. 543–544, 331 A.2d 662. The delay in this case is particularly objectionable when coupled with the earlier delay in securing service of process, occasioned in large part by Weiss's successful concealment, first of his identity and then of his residence. Consequently, it is my conclusion that the lower court was in error in opening the default judgment entered against Weiss.

I would reverse.

PRICE, J., joins in this opinion.