414 A.2d 628

**FOREST HILLS TRANSFER & STORAGE COMPANY, INC.,**

**v.**

**BEAVER VALLEY BUILDERS SUPPLY, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Filed Nov. 9, 1979.

Robert A. Cohen, Pittsburgh, for appellant.

Frederick N. Frank, Pittsburgh, for appellee.

Before CERCONE, President Judge, and WIEAND and LIPEZ, JJ.

CERCONE, President Judge:

Appellant takes this appeal from the lower court's denial of appellant's petition to open a default judgment entered against appellant on February 3, 1977. We find that the lower court abused its discretion by refusing to open judgment and we reverse.

On April 1, 1976, State Trooper James Ferens stopped a dump truck, owned by appellant, Beaver Valley Builders Supply, Inc. (Beaver Valley), while it was traveling on the William Penn Parkway East near the Wilkinsburg Exit. Because he believed the truck to be overloaded, Trooper Ferens told the driver of appellant's truck, David A. Waxler, that the vehicle would have to be weighed. Waxler complied with Trooper Ferens' request that he follow the trooper to the premises of appellee, Forest Hills Transfer & Storage Company, Inc. (Forest Hills), operator of a weighing scale. Upon arriving at Forest Hills, Trooper Ferens went into the main office to get the weighmaster. Waxler remained in the truck. The weighmaster told the trooper that Forest Hills' scale could weigh up to 80,000 pounds; this information, however, was not relayed to Waxler by either Trooper Ferens or the weighmaster. After the weighmaster indicated that he was ready, Trooper Ferens told Waxler to back the truck onto the scale and Waxler obeyed. However, as soon as the truck was fully on the scale, the scale collapsed. Waxler was nevertheless able to drive the truck off the scale and it was later determined that the truck weighed 81,790 pounds in gross weight, clearly in excess of the 73,280 pounds gross weight allowed under the law.[1]

1. 75 Pa.C.S. § 4941 (1977).

Forest Hills subsequently filed a complaint in trespass against appellant, Beaver Valley, demanding damages for the cost of replacing the scale and for money spent on renting the scales of other companies. Service of this complaint was made on Beaver Valley on January 3, 1977 and Beaver Valley immediately sent the complaint to its insurance agent, Kenneth L. Moir. Moir, besides being Beaver Valley's insurance agent, operated his own trucking business and he occasionally hired Beaver Valley to repair his trucks. For this reason, Moir said in his deposition that when he received the envelope containing the complaint from Beaver Valley addressed to him personally, he did not open it immediately because he believed that it contained a bill from Beaver Valley for some repair work which that company had done for him, a bill which Moir was "not in the mood" to look at. Indeed, Moir did not open the letter until some unspecified day in the beginning of February, 1977. When he saw that the envelope contained complaint papers, Moir then called Richard Leon, claims manager for Commercial Union Insurance Company, Beaver Valley's insurer, and advised the latter about what happened. Leon told Moir to forward the complaint papers to Leon's office. However, as it turned out, it was too late for the insurance company to answer the complaint because default judgment had already been entered against Beaver Valley on February 3, 1977. Counsel for the insurance company, also appellant's counsel, received the complaint papers on February 11, 1977. Thereafter, on February 16, 1977, Beaver Valley's counsel mailed to Forest Hills a copy of Beaver Valley's petition to open default judgment. A rule to show cause why default judgment should not be opened was entered on February 18, 1977; however, after a hearing the lower court ruled against Beaver Valley and denied the petition to open judgment. Beaver Valley now appeals from that ruling.

In general, the opening of a default judgment is a matter within the discretion of the trial court and such a petition should be granted in a trespass action if and only if (1) the petition to open was properly filed, and (2) there

exists a legitimate explanation or excuse for the delay that occasioned the default judgment. *Zellman v. Fickenscher*, 452 Pa. 596, 307 A.2d 837 (1973); *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 375 A.2d 368 (1977). Accordingly, this court will reverse the decision of the lower court only where there is a clear abuse of discretion.

 Timeliness of a petition to open default judgment is measured from the date that notice of the entry of judgment is received by the defendant, *Maruccio v. Houdaille Industries, Inc.*, 254 Pa.Super. 560, 386 A.2d 91 (1978). Unfortunately, in the present case, Beaver Valley neither specifies the date on which it learned of the default judgment nor the date on which it filed its petition to open judgment. Nevertheless, even if we assume *arguendo* that Beaver Valley learned of the default judgment on the very date of its entry (February 3, 1977) and that its petition to open was filed on the same date that the lower court entered its rule to show cause (February 18, 1977), we would find Beaver Valley's petition to be timely filed. There was at most a fifteen-day delay between the date Beaver Valley learned of the default judgment and the date on which it filed its petition to open. In *Day v. Wilkie Buick Company*, 239 Pa.Super. 71, 74, 361 A.2d 823 (1976) we held that a defendant's petition to open default judgment was timely though there was a fifteen-day delay between the date on which defendant learned of default judgment and the date on which defendant filed a petition to open judgment. The instant case is identical with *Day* on this issue, and we find appellant's petition to open was timely filed.

 Additionally, we find that Beaver Valley gave a legitimate explanation for the delay that occasioned the default judgment. Moir, Beaver Valley's insurance agent, admitted that the delay was his fault. He admitted that he did not open appellant's letter to him for several weeks because he mistakenly believed that the envelope contained a bill from appellant, Beaver Valley, and Moir was "not in the mood" to pay a bill. Where delay in answering a complaint was attributable to a parties' insurance carrier, this has been

found to be a legitimate explanation for the delay, see *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *DiNenno v. Great Atlantic & Pacific Tea Co., Inc.*, 245 Pa.Super. 498, 369 A.2d 738 (1976); *Sprouse v. Kline-Styer-McCann, Post No. 7155 V. F. W.*, 237 Pa.Super. 419, 352 A.2d 134 (1975), as long as the insurance carrier's action is not marked by deliberateness of misconduct. See *Balk v. Ford Motor Co.*, 446 Pa. at 142, 285 A.2d 128.[2]

In its argument, Forest Hills places much reliance on the case of *Murphy v. Smith*, 415 Pa. 512, 204 A.2d 275 (1964), wherein the Supreme Court affirmed a lower court's refusal to open default judgment where the default was attributable to the action of defendant-appellant's insurer. However, the *Murphy* case is factually distinguishable from the instant case. The plaintiffs in *Murphy* had neglected originally to join a certain corporation as a defendant, and plaintiffs would have been barred by the statute of limitations from refiling their action to include the corporation if judgment were opened. The *Murphy* court therefore concluded that as between defendants and plaintiffs, the responsibility for the actions of defendant's insurer must fall on defendant. *Murphy* has never been read as broadly as appellee suggests it should; i. e., no court has read *Murphy* as a holding that delay by an insurance company can never justify opening a default judgment.[3] Furthermore, there are ample decisions which allow that delay by the insurer might be a sufficient

---

**2.** The holding of this case is not inconsistent with our decision in *Bethlehem Apparatus Co., Inc. v. H. N. Crowder, Jr., Co.*, 242 Pa.Super. 451, 364 A.2d 358 (1976). In that particular situation we found the defendant's asserted reliance upon his insurance carrier to be unjustified because there was a substantial possibility that the insurer would not cover defendant's claim, and because defendant was aware of that strong possibility.

**3.** Additionally, *Murphy* has been given a very limited construction by both the Supreme Court (*Balk v. Ford Motor Company*, 446 Pa. at 142, 285 A.2d at 132 wherein the court said that the insurer's actions in *Murphy* were "marked by a deliberateness of misconduct on the part of the insurance company . . . .") and by this court (*Bethlehem Apparatus Co., Inc. v. H. N. Crowder, Jr., Company*, 242 Pa.Super. at 455, 364 A.2d 358 wherein we said that *Murphy* was a case of unjustified reliance by the defendant on his insurer).

reason to open default judgment. See, e. g., *Balk,* supra; *DiNenno,* supra; *Sprouse,* supra. Therefore we find appellee's reliance on the *Murphy* decision to be misplaced.

Lastly, we need not decide whether appellant has presented a meritorious defense, since proof of same is required for opening a default judgment in trespass cases only where the equities are not otherwise clear. *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. 441, 368 A.2d 802 (1976). In the present case, the equities are in appellant's favor. Appellant reasonably and promptly relied on his insurance company to handle the complaint filed by appellee. Furthermore, it does not appear that the opening of default judgment will work any inequitable hardship on appellee.

For the foregoing reasons, we find that the lower court abused its discretion in refusing to open the default judgment. Therefore, the order of the court below is reversed and the case is remanded for further proceedings not inconsistent with this opinion.