293 Pa. Superior Ct. 301 (1981)
439 A.2d 122
Milli CONTI and Rosario Conti
v.
SHAPIRO, EISENSTAT, CAPIZOLA, O'NEIL, LISITSKI AND GABAGE, PA and Carl Redel and City of Philadelphia.
Appeal of Carl REDEL.
Superior Court of Pennsylvania.
Argued December 4, 1980.
Filed May 29, 1981.
Reargument Denied January 25, 1982.
*303 Edward Benoff, Philadelphia, for appellant.
Mark R. Bosniak, Philadelphia, for Conti, appellees.
Lawrence W. Richman, Philadelphia, for Shapiro et al., appellees.
Richard W. Silver, Assistant City Solicitor, Philadelphia, for City of Philadelphia, appellee.
Before SPAETH, BROSKY and HOFFMAN, JJ.
HOFFMAN, Judge:
Appellant contends that the lower court abused its discretion in denying his petition to open a judgment entered against him. We disagree and, accordingly, affirm the order of the lower court.
On February 11, 1977, appellee and her husband filed a complaint in trespass against appellant and others, alleging that she had been injured when she fell on the sidewalk outside appellant's shop. Although appellant was duly served, no appearance was entered on his behalf. After engaging in some discovery with the other parties, appellee filed a certificate of readiness, whereupon the case proceeded to arbitration. Appellant failed to appear at the hearing which was held on July 13, 1978. Consequently the panel found in favor of appellee against appellant and awarded her $1,500. Judgment was entered on the arbitration award on September 29, 1978. Appellee immediately began execution proceedings by filing a praecipe for a writ of execution. On October 13, 1978, the Sheriff of Philadelphia levied upon appellant's property. On November 27, 1978, appellant petitioned *304 to open and/or strike the judgment against him, alleging that he had first learned of the judgment when the Sheriff levied upon his property and that his failure to appear at the hearing was excused because he had no notice and he reasonably believed that his insurer had undertaken his defense. The lower court denied his petition. This appeal followed.
Petitions to open judgments are equitable in nature and are addressed to the sound discretion of the lower court. See, e.g., Forest Hills Transfer & Storage Co., Inc. v. Beaver Valley Builders Supply, Inc., 271 Pa.Super. 566, 568, 414 A.2d 628, 629 (1979). Our Court will not reverse an order denying such a petition unless the record shows a clear abuse of discretion. Forest v. Rotkis, 244 Pa.Super. 447, 368 A.2d 805 (1976). Moreover, in a trespass action, a petition to open may be granted only if: (1) the petition was timely filed, and (2) there exists a legitimate explanation or excuse for the failure which occasioned the judgment. See Forest Hills Transfer & Storage Co., Inc. v. Beaver Valley Builders Supply, Inc., supra, 271 Pa.Super. at 569-70, 414 A.2d at 629-30. The lower court denied appellant's petition because it found that appellant had failed reasonably to explain his failure to appear at the arbitration hearing.
Appellant contends that the lower court erred because his failure to appear was excused by the fact that he lacked notice of the hearing and that he reasonably believed that his insurer had undertaken his defense. We disagree. Although appellant testified at his deposition that he took the complaint and other relevant papers he subsequently received to his insurance agent, who allegedly assured him that he was covered appellant "offered no explanation as to why the insurance carrier failed to act." Bethlehem Apparatus Co., Inc. v. H.N. Crowder, Jr., Co., 242 Pa.Super. 451, 455, 364 A.2d 358, 360 (1976) (petitioner lacked justifiable reliance upon insurer). Mere allegation of negligence on the part of an insurance carrier will not constitute justification to open a default judgment. DiNenno v. Great Atlantic & Pacific Tea Co., Inc., 245 Pa.Super. 498, 502, 369 A.2d 738, *305 740 (1976). Unlike those cases in which appellate courts found petitioner-insureds' reliance to be justified, e.g., Balk v. Ford Motor Co., 446 Pa. 137, 285 A.2d 128 (1971); Forest Hills Transfer & Storage Co., Inc. v. Beaver Valley Builders Supply, Inc., supra, appellant has not offered any evidence to explain the failure of the insurance company to undertaken his defense. Cf. Sprouse v. Kline-Styer-McCann, Post No. 7155 Veterans of Foreign Wars, 237 Pa.Super. 419, 352 A.2d 134 (1975) (insurer advised petitioner by letter that it had entered an appearance for him prior to entry of default judgment). Consequently, we cannot conclude that the lower court abused its discretion in denying appellant's petition to open.[*]See Murphy v. Smith, 415 Pa. 512, 204 A.2d 275 (1964).
Order affirmed.
SPAETH, J., files a concurring and dissenting opinion.
SPAETH, Judge, concurring and dissenting:
I agree with the majority that the lower court correctly denied the petition to strike. However, in my opinion, appellant did offer a reasonable explanation for his failure to appear at the arbitration hearing. His petition to open should therefore have been granted.[1]
*306 Millie and Rosario Conti brought this action to recover damages for injuries allegedly suffered as a result of Millie Conti having fallen on the sidewalk in front of appellant's poultry stand in Philadelphia's Italian Market in March 1976. The action was against appellant, as tenant of the premises, the law firm of Shapiro, Eisenstat, Capizola, O'Neil, Lisitski & Gabage, as owners of the premises, and the City of Philadelphia. The Shapiro law firm is owner only in name; appellant is equitable owner, the law firm holding title as a "straw" party. R. 24a.
Appellant was served with process on March 2, 1977. An arbitration hearing was held on July 13, 1978, at which appellant did not appear. The arbitrators entered judgment in favor of Millie Conti and against appellant in the amount of $1,500. A finding was entered against Rosario Conti and in favor of appellant, and against Millie and Rosario Conti as to all other defendants. Judgment was filed on September 29, 1978, and a praecipe for writ of execution followed. The sheriff levied on appellant's property on October 13, 1978. Appellant forwarded the sheriff's levy to the John F. Curry Agency as agent for Merchants Mutual Insurance Company. In a letter dated November 3, 1978, the agency informed appellant that he was not insured by Merchants Mutual; the letter stated that the policy was made out in the name of the Shapiro law firm. Appellant then obtained his present counsel, who petitioned to open judgment on November 29, 1980.
At the hearing on the petition to open appellant testified that he was at his poultry stand when Millie Conti alleges she fell, that he did not see her fall, R. 25a, and that eyewitnesses, whom he identified, told him that she fell in the middle of the street and not in front of his property, R. 26a & 27a. Plaintiff then offered the following explanation of why he failed to present this defense at the arbitration hearing:
Q. Now, when you were first served with the Complaint, which are the court papers in which Miss [sic] Conti made her claim against you, what, if anything, did you do with those court papers?

*307 A. I got the papers, and I brought it to my lawyer. I say lawyer; I mean my insurance.
Q. Did you turn those papers over?
A. To my insurance man.
Q. Did you discuss the claim with them [sic]?
A. I told them that I got that, that somebody claimed that they fell on my pavement, and they didn't fell on my pavement. Then they send me a letter.
Q. What, if anything, did they tell you?
A. They told me they take care of this.
Q. Did you tell them you had witnesses?
A. I told them I got witnesses, yes.
Q. Besides the one time you had the complaint; did you ever take any other correspondence to them, any letters to them or anything?
A. Yes. All the letters that I got I brought to the insurance.
. . . .
Q. Now, did you have more than one conversation with your insurance agent with regard to this claim?
A. Yes. Whatever came, a letter, I brought it to him.
Q. Did they ever tell you at any time that they did not insure you and were not going to take care of any of these matters?
A. When they got 
Q. Before that.
A. No.
Q. After you got notice from the sheriff?
A. From the sheriff?
Q. Right.
A. I call him up. He say, "You not insured." "What do you mean I'm not insurance. I'm paying you insurance. I got the checks and everything. I pay you with my checks."
R. 28a-30a.
*308 The lower court accepted this testimony, but said:
Even assuming the truthfulness of [appellant's] testimony we cannot accept it as a reasonable excuse for petitioner's failure to act on his own behalf. When he received notice of the arbitration hearing he had an obligation to inquire into the status of the case, and if nothing else, at least attend the hearing himself.
R. 22a.
The record is clear that appellant was never sent, and never received, the official arbitration hearing notice. See R. 12a. Nonetheless, the lower court found that appellant had adequate notice of the hearing because he received "a copy of a letter dated May 24, 1978 from Anthony Harzenstein, the panel chairman, advising [him] of the rescheduling of the arbitration hearing in this case to the date and time it was actually held," R. 21a, and because he also received "a cover letter, dated August 30, 1977, from plaintiff's counsel. . . referring to the enclosure of the Certificate of Readiness filed with the court on the date," id.
Harzenstein's letter stated, in its entirety, only that "[t]he above-captioned case has been relisted for," then stating a time, date and place. R. 48a. It was written on Harzenstein's professional stationery. Contrary to the lower court's statement, the letter did not in any way indicate that the matter being relisted was an arbitration hearing; nor did it indicate that Harzenstein was chairman of an arbitration panel, or that appellant would be expected to present his defense at the time and place stated. R. 48a. The cover letter of August 30, 1977, stated, in its entirety: "Enclosed please find a copy of a Certificate of Readiness, the original of which is being filed with the Court. If you have any questions regarding this, I would suggest that you turn it over to your attorney." R. 47a. The certificate of readiness enclosed with this letter listed "Merchants Mutual Insurance Company" as the carrier. R. 13a. While I agree that these letters should have alerted appellant to the fact that action was being taken on the lawsuit instituted by the Contis, I cannot agree that they put appellant on notice that he was in any way mishandling his defense. To the contrary: The *309 cover letter to the certificate of readiness instructed appellant that if he had any questions he should "turn [the matter] over to your attorney." R. 47a. I think appellant reasonably thought he was doing the equivalent of that when he gave all the material he had regarding the case to his insurance agent. I cannot understand what the lower court expected appellant to learn from the letter other than the fact that the case was progressing toward resolution.
The majority suggests that appellant's reliance on the carrier was nonetheless unreasonable. In support of its position the majority cites, without analysis, Bethlehem Apparatus Co. Inc. v. H.N. Crowder, Jr., Co., 242 Pa.Super. 451, 364 A.2d 358 (1976). In Bethlehem Apparatus, we affirmed a refusal to open judgment where the insured petitioner had expressed doubt about whether the claim it forwarded to its carrier was covered, yet had made no inquiries about whether the carrier would in fact represent it. Id., 242 Pa.Super. at 455, 364 A.2d at 360. Here, appellant not only did not have any doubts concerning the carrier's responsibility, but the carrier's agent told him that it would "take care" of the matter for him. R. 28a.
In Sprouse v. V.F.W. Post 7155, 237 Pa.Super. 419, 352 A.2d 134 (1975), the petitioner, who was president of a V.F.W. association, was sued together with the association and other of its members. The petitioner erroneously thought that the association's carrier would protect him, and he forwarded all the papers relating to the litigation to the carrier. After judgment was entered against him, he discovered that the association's carrier would not protect him. The lower court refused to grant his petition to open, but we reversed, saying:
We are reluctant to let stand a default judgment where a litigant has taken steps that he reasonably believes will result in the protection of his interests. This would be a different case had appellant ignored the process and done nothing. In this case, however, appellant acted, although mistakenly, to protect his interests.

*310 Id., 237 Pa.Super. at 422, 352 A.2d at 136.
I believe the same may be said here.
The petition to open judgment should be granted.
NOTES
[*] Appellant contends also that the lower court erred in refusing to strike the judgment. We disagree. A petition to strike may be granted only when a fatal defect appears on the face of the record, and the facts are not controverted. Liquid Carbonic Corp. v. Cooper & Reese, Inc., 272 Pa.Super. 462, 416 A.2d 549 (1979). In search of such a defect, a court will only look to the record as it existed when the judgment was entered. Linette v. Linette, 434 Pa. 441, 254 A.2d 7 (1969). From our review of the record, we find no fatal defect.
[1] Appellant had to show that he filed his petition to open promptly, Broad Mountain Club, Inc. v. Lazur, 461 Pa. 668, 337 A.2d 599 cert. denied, 423 U.S. 1020, 96 S.Ct. 458, 46 L.Ed.2d 392 (1975), but he did. This being a trespass action, he did not have to show a meritorious defense, Balk v. Ford Motor Co., 446 Pa. 137, 285 A.2d 128 (1971); Kraynick v. Hertz, 443 Pa. 105, 277 A.2d 144 (1971), but he did show such a defense, which enhanced the equities in favor of granting his petition, Balk v. Ford Motors Co., supra, 446 Pa. at 140 n.3, 285 A.2d at 130 n.3.