CURREN *against* CONNERY.

IN ERROR.

1813.

*Philadelphia,*
*Saturday,*
April 3.

After a witness has been examined in chief, and turned over to the opposite counsel for cross-examination, it is still in the discretion of the Court, to permit the party who produced the witness to examine him even as to new matter in any stage of the trial.

BY a bill of exceptions in this case, which was an action of assumpsit in the Common Pleas of *Philadelphia* county, it appeared that the promise was proved by one *Rye*, a witness called by the plaintiff *Connery;* after which the plaintiff's counsel said he had finished the examination, and had no more questions to put. *Rye* was then cross-examined by the defendant's counsel, and declared that the assumption was made on a *Sunday.* The counsel for the plaintiff, then proposed to ask the witness, whether he had not heard the defendant promise to pay the debt for which the action was brought, on any day or at any time, other than the *Sunday* he had mentioned. The counsel for the defendant objected to the question, but the Court permitted it to be put, and sealed a bill of exceptions.

The question was submitted without argument.

TILGHMAN C. J. The plaintiff in error supposes that the counsel for the plaintiff below, having finished their examination in chief, had no right to examine as to any *new matter.* The examination of witnesses is to be conducted in such a manner as to discover the truth without taking any unfair advantage. The party who calls the witness examines him first, he is then cross-examined by the adverse party, after which, if necessary, the party who produced him may examine him again. The mouth of the witness is not to be closed, because the counsel omitted to ask a material question at first. It may be necessary, in order to come at the truth of the case, to examine him as to new matter, and after that, there may be a second cross-examination. The Court at their discretion may permit a witness to be examined by either party, over and over again, at any time during the trial. But they will take care to exercise this discretion, so as not to suffer any advantage to be gained by trick or artifice. If the plaintiff should declare that he had finished his testimony, in consequence of which the defendant should dismiss some of his witnesses, and then the plaintiff should offer to produce new testimony, which might perhaps have

been contradicted by the witnesses who have been dismissed, the Court would not suffer him to avail himself of such disingenuous conduct. In the case before us, the Court were right in permitting the question to be put. It became necessary in consequence of what came out on the cross-examination, and it subjected the defendant to no possible inconvenience or injury. I am therefore of opinion, that the judgment should be affirmed.

1813.

CURREN
v.
CONNERY.

YEATES J. was unable to attend, and gave no opinion.

BRACKENRIDGE J. concurred.

Judgment affirmed.