## In re PITTSBURGH RYS. CO. et al.
### No. 20225.

United States District Court
W. D. Pennsylvania.
June 8, 1954.

Allen H. Berkman, Pittsburgh, Pa., for Nemerov Estate.

James A. Geltz, Pittsburgh, Pa., for Prichard, Lawler, Malone & Geltz.

W. Denning Stewart, Pittsburgh, Pa., for Dix.

WALLACE S. GOURLEY, Chief Judge.

This involved and intricate reorganization proceeding has been pending since 1938. The problem is now posed as to whether or not an agreement between attorneys representing interested parties was considered by my late associate, the Honorable Owen M. Burns, at the time approval was given and allowances made for services rendered by said attorneys to the estate.

I am confronted with the delicate problem of adjudicating a matter which relates to a proceeding about whose multiplicity of ramifications I have had little, if any, knowledge during the sixteen years that the estate was in reorganization.

I am compelled, therefore, to render my determination on the basis of the records of this court as well as the intimate knowledge which I feel that I possess as to the mind and temperament which Judge Burns exercised in the administration of his trust, more particularly

at the time his approval of said allowances was entered.

Rule 34 of the Canons of Professional Ethics adopted by the American Bar Association provides, "no division of fees for legal services is proper, except with another lawyer, based upon his division of service or responsibility."

A review of the terms of the agreement providing for a specified division of the aggregate allowances to be awarded to counsel involved in this proceeding clearly establishes such to be proper and in accord with practice frequently followed by members of the bar. Nor does the record evince any conclusion other than that prior to the execution of the agreement, it was understood and reasonably anticipated that each of the attorneys would assume various responsibilities in order that the interests of their clients would be fully and thoroughly represented.

I find it most difficult to comprehend why reputable members of the bar would not comply with such an agreement in the event that each of the participants performed or caused to be performed that which was reasonably required in the consideration of the many problems which arose in advancing the interests of their claim.

I believe that the sanctity of contract must remain untrammelled, and that any legitimate agreement, spoken or written, between lawyers is sacrosanct and should be observed without equivocation.

Unless circumstances of a most glaring and extenuating nature were presented to require me to reasonably conclude that one of the parties to the agreement had failed or neglected to perform the responsibilities which were assigned to him, or which he knew it was his duty to perform on behalf of his client, I would be inclined to give such agreement complete and unreserved effect. If the members of the legal profession cannot rely on and trust each other, through either an oral or written agreement, in representing the interests of a mutual client, the practice of law would degenerate to the era of the Neanderthal man.

Knowing my late associate, Judge Burns, as I did and being cognizant of the high regard which he held for members of the bar, the deep sense of sincerity and humility that he always carried with an almost religious fervor, his unfaltering conviction that every laborer is worthy of his hire, I cannot but help conclude that a sound, substantial and most thoroughly reasoned basis existed in his own mind not to honor the agreement executed by the attorneys; or, undoubtedly, the award which he entered would have specifically provided for a division of compensation on the basis of the agreement.

It is strikingly apparent that the information provided Judge Burns by counsel for the Securities and Exchange Commission, George Zolotar, in whose judgment and acumen Judge Burns frequently expressed the profoundest praise, convinced him that, contrary to the terms of the agreement, individual allowances should be made.

This viewpoint is given added impetus when the fact is recognized that Judge Burns adhered, almost without exception to the allowances recommended by the Securities and Exchange Commission. The only striking deviation from these recommendations was the instance when Judge Burns deducted $10,000 from the amount which the Securities and Exchange Commission had recommended for respondent Dix and added this to the amount recommended for Nemerov, in behalf of whose estate the present petition is now advanced.

In an effort to upset the ruling of Judge Burns, a petition for leave to appeal was filed in the United States Court of Appeals for the Third Circuit, in which petitioner's present contention was specifically urged for the allowance of an appeal—

"from that portion of the Order of the United States District Court for the Western District of Pennsyl-

vania, dated June 13, 1952, *wherein said District Court granted* a separate allowance for attorney's compensation to Maurice J. Dix in the amount of $90,000, to Prichard, Lawler, Malone & Geltz in the amount of $40,000, and to the Estate of Joseph Nemerov in the amount of $15,000, *contrary to the provisions of the written agreement dated August 22, 1951* among said attorneys to share compensation awarded by the Court 'jointly and/or severally' on the basis of 38½% to Dix; 37½% to the Prichard firm; and 25% to the Nemerov Estate." (Emphasis provided.) Notice of Appeal to the United States Court of Appeals for the Third Circuit July 8, 1952.

The Court of Appeals for the Third Circuit entered an order denying petitioner's application for leave to appeal. Order filed August 4, 1952.

In view of the compelling conclusion that Judge Burns' award of allowances contemplated a deliberate and intentional purpose to dishonor the agreement executed between counsel involved in this proceeding, and in view of the order of the United States Court of Appeals for the Third Circuit denying petitioner's application for leave to appeal, for me to grant petitioner's relief would constitute a reopening of the petition for allowances and require me to render a redetermination of a matter already adjudicated by a late associate of this court, and in addition, would require a ruling on a matter now res adjudicata by reason of the order of the United States Court of Appeals for the Third Circuit which denied petitioner's appeal on the same issues herein advanced.

To recapitulate and eliminate the possibility of any misunderstanding as to my personal views in this proceeding, I am convinced that the agreement between Nemerov and Dix is a valid and subsisting contract between two members of the bar, which should be honored and enforced, and had the applicants appeared before me, even though I might have made separate awards, yet I would have given full force and effect to the agreement.

■ Nevertheless, when the issue has already been adjudicated by a member of this court and when appeal therefrom has been refused by the Court of Appeals for the Third Circuit, the issue is res adjudicata and conclusive as far as this member of the court is concerned.

Petition of the Estate of Joseph Nemerov, deceased, and Prichard, Lawler, Malone & Geltz for leave to appeal from that portion of an order of the United States District Court for the Western District of Pennsylvania, dated June 13, 1952, granting separate allowances will be refused and judgment shall be entered in accordance with the order of June 13, 1952.

The Court enters the following findings of fact and conclusions of law:

### Findings of Fact

1. The late Joseph Nemerov died June 2, 1949, a resident of the City of New York, leaving his last will and testament, duly probated in the Surrogate Court of the County of New York on June 9, 1949. Irving A. Nemerov and William T. Nemerov are the duly appointed and acting executors of said estate.

2. Joseph Nemerov was an attorney and counsellor-at-law, duly admitted and licensed to practice as such in the State of New York, and practiced his profession in the Courts of the State of New York and in various Federal Courts from 1912 to the date of his death.

3. Prichard, Lawler, Malone & Geltz was and is a firm of duly practicing attorneys with offices in the City of Pittsburgh, Allegheny County, Pennsylvania, and is now known as Prichard, Lawler & Geltz.

4. The law firm of Prichard, Lawler, Malone & Geltz was engaged as Pittsburgh counsel in November, 1944 by the late Joseph Nemerov to work jointly with him and Maurice J. Dix, in the above entitled reorganization proceedings.

5. The agreement between the parties, which is the subject matter of the petition of the Estate of Joseph Nemerov, Deceased, et al., provides that the compensation to be awarded by the Court in the above entitled proceedings be divided between R. K. Japha & Co., dealers in investment securities (15%), and counsel, Maurice J. Dix (37½% of 85%), Prichard, Lawler, Malone & Geltz (37½% of 85%), and Joseph Nemerov (25% of 85%). This agreement was, by its terms, subject to the approval of the court.

6. Under the provisions of the Bankruptcy Act, the agreement had to be disclosed to the Court.

7. R. K. Japha & Co. was eliminated from the agreement as a result of the action of the Securities and Exchange Commission.

8. Said agreement was submitted to the late Judge Burns, who, under the bankruptcy statute, was required to act upon the matter of the compensation of counsel in the above entitled proceedings and to award compensation upon the basis of their respective contributions to the reorganization proceeding, and the late Judge Burns made such awards to counsel.

9. The late Judge Burns made separate allowances to the lawyers mentioned in said agreement instead of a joint allowance, as requested by the Estate of Joseph Nemerov, Deceased, and deducted $10,000 from the amount ($100,000) recommended by the Securities and Exchange Commission to be awarded as compensation to respondent Dix.

10. Joseph Nemerov performed no services in the above entitled proceeding after 1946.

### Conclusions of Law

1. The matter of the award of compensation to counsel, including petitioners and the respondent in the above entitled proceeding, was solely within the discretion of the late Judge Burns.

2. Judge Burns considered all matters submitted by the parties in connection with their claims for compensation and, in the exercise of his discretion, made awards to the respective parties on the basis of the service they had contributed to the reorganization proceedings, and the discretion so exercised by the late Judge Burns cannot be reviewed by this Court.

3. The order of the late Judge Burns of June 13, 1952, awarding compensation to the parties involved in the present proceeding was the subject of a petition for leave to appeal by petitioners herein to the United States Court of Appeals for the Third Circuit and said leave to appeal was denied.

4. All the matters involved in the present proceeding were or could have been submitted to the late Judge Burns and his action in awarding compensation to counsel, as the record discloses, was tantamount to a refusal to abide by the provisions of the agreement of the parties.

5. The matter now before the Court is res adjudicata.

6. This Court is without power to interfere with the action of the late Judge Burns inasmuch as the Bankruptcy Act, 11 U.S.C.A. §§ 621, 641 and 642, committed the matter of the allowance of compensation to his discretion, subject only to review by the Court of Appeals for the Third Circuit.

7. R. K. Japha & Co., having been eliminated from the agreement, and the percentage of the compensation of counsel which they agreed to pay to Japha & Co. having been thereby eliminated from the agreement, the agreement cannot be re-written by the Court and is unenforcible.

An appropriate order is entered.