## Starner *v.* Wirth, Appellant.

Argued May 26, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*G. Thoms Miller*, with him *F. Murray Bryan*, and *McNees, Wallace & Nurick*, for appellant.

*David F. Binder*, with him *Richter, Syken, Ross, Binder & O'Neill*, for appellee.

OPINION BY MR. JUSTICE JONES, October 9, 1970:

This is an appeal from an order of the Court of Common Pleas of Adams County granting a motion for new trial in a trespass action.

As a result of a one-car collision, plaintiff Starner [appellee] sustained personal injuries while a passenger in a vehicle owned and operated by defendant Wirth [appellant.] These injuries were allegedly due to the negligent operation of the automobile on an unpaved township road.

A pre-trial deposition of Wirth was taken subject to the express stipulation, ". . . all objections except as to the form of the question shall be reserved to the time of trial." During the taking of the deposition, opposing counsel asked, "Do you feel you were traveling at an excessive rate of speed in view of the nature of the road, now that you look back?" In reliance on the stipulation, no objection to the improper nature of the answer sought to be elicited by that question was made by counsel for Wirth. Wirth then answered, "I would say a little bit."

During cross-examination of Wirth at trial, he was asked, "Now, as you have reflected upon that kind of

road, and the speed to [*sic*] which you were going, Mr. Wirth, would you tell us whether or not the speed at which you were going just prior to the accident, was or was not excessive?" Objection to this question on the ground that it called for a conclusion which only the trier of fact could make was sustained. Counsel for Starner then requested a side-bar conference during which he stated that, in the event of a negative answer by Wirth, he proposed to read into evidence Wirth's admission in the pre-trial deposition that his speed was a little bit excessive. The objection by Wirth's counsel was again sustained and the evidence was excluded.

Following the jury's return of a verdict in favor of Wirth, Starner filed a motion for a new trial. While eleven reasons were assigned as reasons for a new trial and considered by the trial judge, *the sole and exclusive reason* assigned by the trial judge in his opinion ordering a new trial was his conclusion that it was error to exclude the question at trial and Wirth's admission in his pre-trial deposition. This appeal followed.

We recently stated, "The grant of a new trial lies within the inherent power of a trial court, and on appeal we will not interfere with the exercise thereof, unless there has been a clear abuse of discretion or an error of law which necessarily controlled the grant of the new trial." *Kralik v. Cromwell*, 435 Pa. 613, 615, 258 A. 2d 654, 656 (1969). *Cf. McConn v. Commonwealth, Dept. of Hwys.*, 431 Pa. 574, 584, 246 A. 2d 677, 683 (1968) (concurring and dissenting); *Cwiakala v. Paal*, 427 Pa. 322, 324, 235 A. 2d 145, 146 (1967); *Sarachman v. Avery*, 419 Pa. 330, 333, 214 A. 2d 247, 249 (1965); *Clewell v. Pummer*, 388 Pa. 592, 598, 131 A. 2d 375, 378 (1957).

Wirth's argument is that the questions relating to "excessive speed" improperly called for an opinion and conclusion as to an ultimate issue within the province of the jury. Initially, we would agree with Wirth that,

while lay witnesses are permitted to express opinion estimates of vehicle speed in numerical terms,[1] terms such as "fast" or "slow" or "excessive" and the like have been found to be conclusory in nature[2] as well as lacking in evidentiary value.[3]

However, Starner urges the admissibility of the statements in the pre-trial deposition on the authority of both case law and text writers to the effect that an admission containing an opinion will not be excluded on the basis of the opinion evidence rule.[4] We need not discuss whether this is the law in Pennsylvania because Starner's argument evades the preliminary step in logic which is the ultimate issue in the case before us : May an adverse *party* be questioned by opposing counsel as to whether his speed was "excessive" without violating the opinion evidence rule[5]? Whatever may be the content of the answer, the court must rule without the answer in mind. If such question is improper, the responsive admission containing the opinion, obtained during the taking of a pre-trial deposition which stipulated, *inter alia,* that no opinion evidence objection need be interposed, would also be improper.

[1]*See, e.g., Finnerty v. Darby*, 391 Pa. 300, 138 A. 2d 117 (1958).

[2]*Sec, e.g., Holton v. Gibson*, 402 Pa. 37, 166 A. 2d 4 (1960).

[3]*See, e.g., Layman v. Gearhart*, 389 Pa. 187, 132 A. 2d 228 (1957).

[4]*See, e.g.,* IV Wigmore on Evidence §1053 at 15 (3d ed.) (1940), wherein the author states: "The Opinion Rule does not limit the use of a party's admissions. The reason for that rule does not apply to a party's admissions. . . . To extend the arbitrary trivialities of the Opinion Rule to parties' admissions would be the extreme of futility."

[5]One lower court, basically confronted with the same set of facts and law, phrased the issue differently: "The question presented here is not whether a prior admission is admissible but rather whether the question asked by plaintiff's counsel was a proper one under the rules of evidence." *Wescott v. Williams*, 11 Chester Co. Rep. 122, 123-24 (1962).

In resolving this ultimate issue we must first decide if the opinion evidence rule, which excludes the opinion of third-party witnesses, applies with equal force to an adverse party. There can be no doubt that had Wirth's counsel asked this question, an objection based on the opinion evidence rule would clearly be sustained. An examination of the theories underlying this rule of evidence reveals the correct reason to be that such testimony is superfluous: "witnesses having *no special skill,* who have had *personal observation* of the matter in hand, may, as a result of their personal observation, have drawn inferences or made interpretations which the tribunal could equally well make from the same data of personal observation, if laid before them; and thus if it is possible to detail these data fully for the tribunal, the witness' own inferences are superfluous." VII Wigmore on Evidence §1918, at 13 (3d. ed. 1940). (Emphasis original.) The soundness of this theory has been recognized by this Court. *Gulf Oil Corp. v. Philadelphia,* 357 Pa. 101, 114-15, 53 A. 2d 250, 256 (1947). There can be no doubt that this policy would make no distinction between witnesses or parties, adverse or otherwise nor would any differentiations be warranted by any of the erroneous theories sometimes advanced for the opinion evidence rule. VII Wigmore on Evidence, §§1919-22 (3d ed. 1940). The circumstances of the accident—several estimates of speed, the condition of the road, the time of day, etc.—were fully detailed to the jury which was then in a position to decide if the speed was "excessive". Any other testimony in this regard would be superfluous, and, hence, excludable under the opinion evidence rule.

Having concluded that an opinion evidence objection should have been sustained, our next inquiry is whether Wirth's counsel's failure to object at the time of the deposition is fatal. Read together, Pa. R. C. P.

4020(c) and 4016(b) provide that, while an objection may be made at trial to the introduction of any part of a deposition in the same manner as if the deponent were then testifying, the failure to object during the taking of the deposition will preclude an objection at trial if "the ground of the objection is one which was known to the objecting party and which might have been obviated or removed if made" at the time of the deposition. Assuming, *arguendo,* that the reason for the objection could have been removed if made at the time of the taking of this deposition, we believe the stipulation is controlling and gives full effect to the timely objection at trial. The total weight accorded by courts to private agreements between counsel is too well established to be doubted. Therefore, we hold that the objection at trial to the proffered opinion was not only proper but timely. It then follows that the exclusion of the admission was correct and the order granting a new trial based solely on the ground of this "improper" exclusion should be reversed.

However, Starner would have us uphold the grant of a new trial for the alternative reason that the verdict was against the weight of the evidence. While this argument was advanced below, it was dismissed by the trial judge. We have said, "the determination of whether a verdict is against the weight of the evidence, so that a new trial should be granted, rests primarily with the trial judge and his action will not be disturbed on appeal unless there is a *palpable* abuse of that discretion: Ason v. Leonhart, [402 Pa. 312, 165 A. 2d 625 (1960)]; Eisert v. Jones, 408 Pa. 73, 182 A. 2d 717 (1962)." *Bailey v. Gibbs,* 414 Pa. 238, 242-43, 199 A. 2d 460, 462 (1964). *Cf. Keba v. Pickett,* 434 Pa. 148, 152, 252 A. 2d 675, 676 (1969). Our review of the record demonstrates no such palpable abuse of discretion.

184

Order reversed and the matter remanded to the court below with direction to enter judgment on the verdict in favor of Wirth and against Starner.