Dissenting Opinion by
Packel, J.:
An automobile operated by the defendant struck and killed a two year old boy. The single issue in this case arises out of this colloquy at trial: “Q. [Plaintiff’s Counsel]: Can you tell me what reason you have for not having seen the boy, if you know, why you didn’t see him? Mr. Williams: Your Honor, I object to that. The Court: We will sustain the objection. It calls for a conclusion by the witness.” The ruling of the court and its subsequent determination that the question called for an opinion were significant because, other than the defendant, there were no witnesses to the accident. In depositions the defendant had answered the exact same question as follows: “I can’t say why I didn’t see him. What I described to you, I should have seen him.” The plaintiff seeks a new trial on the ground that the ruling by the court precluded the admission of testimony which might have caused the jury to return a verdict in favor of the plaintiff rather than for the defendant.
If the question at trial called for an opinion, the decision in Starner v. Wirth, 440 Pa. 177, 269 A. 2d 674 (1970), binding on this Court, would require an affirmance, notwithstanding the harsh criticism of the opinion rule.[1] The question there which was held ob *544 jeetionable because its answer called for an opinion was: “ ‘Now, as you have reflected upon that kind of road, and the speed to [sic] wbich you were going, Mr. Wirth, would you tell us whether or not the speed at which you were going just prior to the accident, was or was not excessive?’ ” Starner teaches that the underlying reason for the exclusion of testimony under the opinion rule is the superfluousness of such testimony (440 Pa. at 182, 269 A. 2d at 676-677) : “An examination of the theories underlying this rule of evidence reveals the correct reason to be that such testimony is superfluous: ‘witnesses having no special shill, who have had personal observation of the matter in hand, may, as a result of their personal observation, have drawn inferences or made interpretations which the tribunal could equally well make from the same data of personal observation, if laid before them; and thus if it is possible to detail these data fully for the tribunal, the witness’ own inferences are superfluous.’ VII Wigmore on Evidence §1918, at 13 (3d. ed. 1940). (Emphasis original.)”
There is no litmus test for fact versus opinion.[2] The *545 test to be applied should depend upon the reason for the rule. Was it superfluous to let the jury know what cause the defendant would give for not seeing the boy? The opinion evidence rule must not be mechanically applied so as to be “an obstacle to any intelligible account of what happens.” United States v. Cotter, 60 F. 2d 689, 693 (2d Cir. 1932) (L. Hand, J.). The question must be tested by consideration of the possible answers rather than by the answer given in previous depositions.
The question, like almost any other question, could have been answered by an opinion but as posed it cannot be said that it necessarily called for an opinion. It could have been answered in many ways to give to the jury information which, under the circumstances of this case, was not otherwise available. The defendant could have answered that he was watching something on the other side of the road, that he fell asleep, that he bent down to light a cigarette, or that because of the structure of the car he could not see a small boy who suddenly came to the front right side of the car. Any one of these answers would have given the jury some additional data to aid them in making their determination.
Even an answer like that which the defendant gave at depositions would have given the jury additional data to weigh on the issue of negligence. The defendant’s inability to give a reason is not a confession of fault. It was still for the jury to determine whether to believe him and to make its own inferences therefrom, or whether not to believe him and to infer that his lack of candor supported a finding of fault. Thus, any of the foregoing answers would not have been superfluous. In the absence of countervailing policy the rules of evi *546 dence should not be applied to shut out information relevant to the performance of the factfinder’s function. The court should not have prevented the jury from hearing the answer to the question.
The judgment should be reversed and the case remanded for a new trial.
Cercone, J., joins in this dissent.

 “That the opinions of witnesses are in some eases admissible as evidence, even when not coming properly under the head of expert testimony, has long been established in practice. In several classes of questions, the line between the witness’s judgment or opinion and his affirmation of a fact is so indistinct that it cannot *545 be marked out in practice.” Graham v. Pennsylvania Co., 139 Pa. 349, 158, 21 A. 151, 152 (1891).