399 A.2d 750

**Karla MARMARA, a minor, by Edwin Marmara, her guardian and next of kin, and Edwin Marmara, in his own right, Appellants,**

**v.**

**James RAWLE, Jr. and Jeanette Rawle, his wife, Dr. Mario Cirelli, the Police, Fireman & Park Police Medical Association, Inc., and Hunter Construction Company, Additional Defendant.**

Appeal of James RAWLE, Jr., et ux.

Superior Court of Pennsylvania.

Argued Dec. 14, 1977.

Decided March 16, 1979.

Joel Paul Fishbein, Philadelphia, for Rawle, appellants at No. 1633 and appellees at No. 1655.

Edward J. Ross, Philadelphia, for Marmara, appellants at No. 1655 and appellees at No. 1633.

Alfonso Tumini, Philadelphia, for appellees Cirelli, The Police, Fireman & Park Police Medical Ass'n, Inc.

Rudolph J. DiMassa, Philadelphia, for appellee Hunter Const. Co.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This case involves two appeals, each of which raises questions with respect to separate sections of the same order of the court below. Appeal No. 1655, brought by Karla Marmara and her guardian Edwin Marmara, challenges the propriety of an order entered by the lower court on April 27, 1977, which granted a petition to open filed by Dr. Mario Cirelli and the Police Fireman and Park Police Medical Association, Inc., (Medical Association).[1] Appeal No. 1633, brought by James Rawle, Jr., and his wife, Jeanette, challenges the propriety of a different section of the same order which granted appellee Hunter Construction Company's (Hunter's) petition for reconsideration, sustained Hunter's preliminary objections, and dismissed the Rawles' complaint against Hunter. We affirm the lower court's order.

On August 2, 1972, the Marmaras filed a complaint in trespass against the Rawles, Dr. Cirelli and the Medical Association. The complaint requested damages for injuries received by minor Karla Marmara on August 8, 1970, when a glass door shattered after being contacted by her. The accident occurred in the home of James and Jeanette Rawle during a period when the house was in darkness, allegedly because of an overloading of the electrical circuits. The complaint alleged that the Rawles were negligent in permitting an overloading of electrical circuits, and in maintaining in their home a glass door that was not tempered. The complaint also alleged that Dr. Cirelli, a member of the Medical Association at the time, was negligent in his treatment of Karla Marmara's injuries.

Counsel for the Marmaras and the Rawles entered into a stipulation on March 19, 1973. This stipulation, which was approved by the court below, granted the Rawles an extension of thirty days in which to join additional defendants. Pursuant thereto, the Rawles filed a complaint against Doric Manufacturing Company (Doric)—the company which allegedly manufactured and distributed the "defective" glass

---

1. James and Jeanette Rawle also raised this contention in their appeal at No. 1633.

door; Valley Bow Distributors (Valley Bow)—an intermediate seller of the door; and Hunter—the company which sold the door to the Rawles and installed it in their home.

Doric and Valley Bow filed preliminary objections in July of 1973, alleging that their joinder occurred substantially after the sixty-day requirement of Pa.R.C.P. 2253,[2] and that they had been prejudiced by their inability to participate in discovery proceedings. Both sets of preliminary objections were sustained by orders of the lower court, per Judge Harry A. Takiff, and the complaint joining Valley Bow and Doric was dismissed. No appeal was taken from those orders.

## Appeal No. 1655

On April 4, 1973, eight months after the initial complaint was filed, appellants Karla and Edwin Marmara filed a praecipe for entry of default judgment against appellees Dr. Cirelli and the Medical Association, and judgment was entered that same day. The lower court, in entering the order, cited appellees' failure to enter an appearance. In January of 1974, counsel for appellants agreed to enter into a stipulation allowing judgment to be opened, provided that appellees entered an appearance by February 4, 1974, and that they pay the costs of opening the judgment. Counsel for appellees entered an appearance on January 31, 1974. A stipulation to open judgment was drafted by appellees' attorney and circulated to all counsel involved in the case. All parties signed the stipulation (including appellants' counsel), except counsel for Hunter. Instead of signing the stipulation and then filing it as counsel for Hunter was requested to do, no action was taken. The stipulation was never filed. Appellees assumed that the stipulation to open

2. Pa.R.C.P. 2253 provides that:
"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

judgment was filed. Upon learning three years later that the stipulation in fact was not filed, counsel for appellees[3] filed a petition to open judgment on March 30, 1977, and cited the facts surrounding the stipulation. The court in an order dated April 27, 1977, and filed on April 29, 1977, granted appellees' petition to open judgment.

On appeal, appellants contend that the lower court abused its discretion when it granted appellees' petition to open judgment. Appellants cite cases dealing with the standard for opening a default judgment. However, since this case involves a stipulation signed by counsel for appellants and appellees, our analysis must, out of necessity, focus on that agreement and the effect to be given thereto. The validity of the stipulation, as discussed below, eliminates the necessity of any traditional analysis with respect to the opening of default judgments. Viewed in this light, we find that the stipulation to open judgment, which was signed by all parties to the instant appeal, should be given effect, and therefore, the court below was correct in granting appellees' petition to open judgment.

A petition to open is an appeal to the lower court's equitable powers, and is a matter for judicial discretion. An appellate court will not reverse a lower court ruling on a petition to open a default judgment unless there was an error of law or a clear abuse of discretion. *Maruccio v. Houdaille Industries, Inc.*, 254 Pa.Super. 560, 386 A.2d 91 (1978). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record, discretion is abused." *Maruccio v. Houdaille Industries, Inc., supra*, 254 Pa.Super. at 562, 386 A.2d 93, n. 1, *quoting Man O'War Racing Assn., Inc. v. State Horse Racing Comm.*, 433 Pa. 432, 451, n. 10, 250 A.2d 172, 181, n. 10 (1969).

---

**3.** Appellees had changed counsel in the interim.

Traditionally, in reviewing cases involving the granting of petitions to open default judgments in trespass actions,[4] the appellate court was required to determine if two factors coalesced: 1) the petition to open must be timely filed; and 2) the default must be reasonably explained or excused. *Instapak Corporation v. S. Weisbrod Lamp & Shade Co., Inc.,* 248 Pa.Super. 176, 374 A.2d 1376 (1977). Under this standard, the lower court order would appear to be inappropriate. However, as has been noted, there is an overriding consideration presented by the facts of the instant appeal—to-wit, appellants' counsel entered into an agreement with appellees' counsel to allow the opening of judgment.

It has been held that "any legitimate agreement . . . . between [attorneys] is sacrosanct and should be observed without equivocation." *In re Pittsburgh Rys. ·Co., et al.,* 121 F.Supp. 948, 949 (W.D.Pa.1954). Indeed, "[t]he total weight accorded by courts to private agreements between counsel is too well established to be doubted." *Starner v. Wirth,* 440 Pa. 177, 183, 269 A.2d 674, 677 (1970). It is also axiomatic that parties may bind themselves by stipulations so long as they do not affect the jurisdiction of the court, and provided that the stipulations are not in contravention of peremptory statutory requirements.

"It may, therefore, be stated as the settled law and practice in Pennsylvania, that whatever does not effect the jurisdiction, or due order of business and convenience of the court is capable of arrangement between the parties or their counsel, and an agreement by them will become the law of the case." *Foley Brothers, Inc. v. Commonwealth,* 400 Pa. 584, 589, 163 A.2d 80, 84 (1960) *quoting Muir v. Preferred Accident Ins. Co.,* 203 Pa. 338, 53 A. 158 (1902).

4. Assumpsit actions present the additional requirement that the party seeking to open judgment must present a meritorious defense. *See Ruczynski v. Jesray Construction Corp.,* 457 Pa. 510, 326 A.2d 326 (1974); *Maruccio v. Houdaille Industries, Inc., supra.*

The fact that the stipulation was not filed is of no consequence, for although filing may be preferable in some cases, it is not required by the Pennsylvania Rules of Civil Procedure. See Pa.R.C.P. 201; Goodrich-Amram 2d § 201:2.

█ Under the circumstances of the instant appeal, we find no manifest abuse of discretion. *See Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973); *Campell, et al. v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 335 A.2d 371 (1975); *Kilgallen v. Kutna,* 226 Pa.Super. 323, 310 A.2d 396 (1973). It was the initiative of appellants' counsel that brought the stipulation agreement into being, yet it was this same counsel who later sought to negate its effect. The agreement entered into by counsel of both appellants and appellees was valid; there is no indication on the record that now any more appreciable prejudice would result to appellants than enforcement of the agreement at its inception would have entailed. As such, the lower court was justified in upholding the agreement, and we cannot now rule that such a holding constitutes a misapplication of the law.

Therefore, the order of the court below granting appellees' petition to open is affirmed.

## Appeal No. 1633

The facts pertinent to our consideration to the appeal at No. 1633 are as follows. Valley Bow, additional defendant named in the complaint of James and Jeanette Rawle, filed preliminary objections alleging that its joinder occurred substantially after the sixty-day requirement of Pa.R.C.P. 2253, and that it had been prejudiced by its inability to participate in discovery proceedings. The preliminary objections were sustained by the court below per order of Judge Takiff dated September 4, 1973. Hunter filed preliminary objections on October 23, 1973, alleging untimely joinder and resulting prejudice. These objections were denied by the court below, per Judge Ned L. Hirsh, in an order dated January 31, 1974. On April 20, 1977, Hunter filed a petition for reconsideration of this ruling. The petition was granted by the court below, per Judge Stanley Greenberg, and

Hunter's preliminary objections were sustained in an order dated April 27, 1977, and filed April 29, 1977.

In appeal No. 1633, appellants James Rawle, Jr., and his wife Jeanette challenge the validity of that part of the lower court's order of April 27, 1977, which granted appellee Hunter's petition for reconsideration, sustained appellee's preliminary objections, and dismissed appellants' complaint against it. Since the fact situation supporting appellee's objection was, for all intents and purposes, identical to that factual situation upon which Judge Harry A. Takiff had earlier sustained the preliminary objections of an additional defendant to the complaint, i. e. Valley Bow,[5] we hold that Judge Greenberg was correct in granting appellee's petition for reconsideration, and in making a ruling on appellee's preliminary objections which was in accord with Judge Takiff's earlier ruling in the same case. The fact that appellant took no appeal from Judge Takiff's rulings as to Valley Bow and Doric lends weight to this conclusion. We, therefore, affirm the order of the court below in the instant appeal.

On appeal, appellants contend that appellee's petition for reconsideration was untimely because it was not filed within the time limits of Pa.R.C.P. 1522.[6] Appellants also assert that the granting of the petition was prejudicial to them, therefore necessitating a finding of abuse of discretion on the part of the lower court in granting appellee's petition, and sustaining their preliminary objections to appellants' complaint. We disagree.

5. Doric Manufacturing Company, another additional defendant to appellants' complaint, filed preliminary objections in July of 1973 which also raised the issues of late joinder and resulting prejudice by not being able to participate in discovery proceedings. However, these objections were not ruled on by the lower court until March 4, 1974, a date beyond the initial ruling on appellee's preliminary objections.

6. Pa.R.C.P. 1522 provides that:
"A petition for a rehearing shall set forth the special matter or cause for which such rehearing is sought. The petition for rehearing shall be filed within a reasonable time after the discovery of the grounds for rehearing and in no event later than the time for taking an appeal."

Pa.R.C.P. 126 states that "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." In addition, Pa.R.C.P. 248 provides that "[t]he time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of the court." Taking into account the equitable considerations of the instant appeal, the court below was correct in granting appellee's petition for reconsideration. It would certainly work an injustice upon appellee to saddle it with a ruling on its preliminary objections that contradicts a previous ruling which established the law of the case. It has been held that judges of coordinate jurisdictions sitting in the same court and in the same case should not overrule the decisions of each other. *Fried v. Feola,* 129 F.Supp. 699 (W.D.Pa.1954); *U. S. v. Skurla,* 126 F.Supp. 713 (W.D.Pa.1954); *see Stanley Appeal,* 204 Pa.Super. 29, 201 A.2d 287 (1964) (Watkins, J. dissenting); *see generally, Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971); *Commonwealth v. Warfield,* 418 Pa. 301, 211 A.2d 452 (1965) by implication; Annot., 20 A.L.R.Fed. 13 (1974). The ruling of Judge Takiff became the law of the case, and, barring compelling circumstances, should have been followed by Judge Hirsh in making his subsequent ruling. *See Schmid Motor Vehicle Operator License Case,* 196 Pa.Super. 120, 173 A.2d 758 (1961). To hold otherwise would produce the inequitable and unjust result of having three additional defendants in the same case who are equally situated, but one being treated differently because of an obviously subsequent order entered by a judge of coordinate jurisdiction contrary to an earlier order of his colleague. Such inconsistency within the same case is not to be encouraged, and cannot be permitted. It is for just such a reason that the rule has been developed, and as such, it has been correctly applied.

Therefore, we affirm the order of the court below granting appellee's petition for reconsideration, sustaining appellee's preliminary objections, and dismissing appellants' complaint against appellee.

The order of the court below dated April 27, 1977, and filed on April 29, 1977, is affirmed.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.