447 A.2d 228

**Lawrence CATINA, Rocco Catina and Anita Catina, His Wife, Appellants,**

v.

**Alfred E. MAREE and Burke Chevrolet Sales, Inc.**

**Lawrence CATINA, Rocco Catina and Anna Catina, His Wife, Appellants,**

v.

**ALFRED E. MAREE, SR., INC.**

Supreme Court of Pennsylvania.

Argued April 20, 1982.

Decided June 28, 1982.

444

Sandor Yelen, Wilkes Barre, for appellants.

Joseph A. Quinn, Jr., George A. Spohrer, Wilkes Barre, for appellees.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On November 19, 1968, appellant Lawrence Catina was struck by a motor vehicle (he was a pedestrian at the time) and suffered, as a result, severe and permanent personal

injuries. A suit in trespass was filed in the Court of Common Pleas of Luzerne County against the driver, Alfred E. Maree, Burke Chevrolet Sales, Inc., and Alfred E. Maree, Sr., Inc., appellees, and a jury trial commenced in May, 1976.[1] The jury returned a verdict in favor of appellees.

Appellants' motion for a new trial was denied by a court en banc on August 1, 1978 which denial was affirmed by the Superior Court on November 27, 1979. *Catina v. Maree*, 272 Pa.Super. 247, 415 A.2d 413 (1979), reargument denied February 19, 1980. This Court granted appellants' petition for allowance of appeal on March 20, 1980. We now reverse the decision of the Superior Court and remand for a new trial.

It has never been disputed that appellee Alfred Maree was the driver of the vehicle that struck appellant Lawrence Catina. The major point of contention at trial was whether Mr. Catina was on or off the surface of the road when impact occurred. Appellants attempted to demonstrate that he was on the berm and about five to six feet from the road; appellees attempted to demonstrate that he was on the road when he was struck by Mr. Maree's vehicle.

As the Superior Court observed, the actual details of the accident "are obscured in the haze of discordant recollections so common to this type of incident." 272 Pa.Super. at 253, 415 A.2d at 417. At issue in this appeal is the recollection of one of the witnesses for the defendants/appellees, Louis Jakubczyk. Both Mr. Catina and Mr. Jakubczyk were U. S. Army reservists on their way to a meeting at the U. S. Army Reserve Center in Plains Township. There were two parking lots located across the highway (Route 315) from the center. Mr. Jakubczyk testified he had parked his car and was waiting to cross the highway when he noticed a fellow reservist (not recognized at that time as Mr. Catina) standing about twenty feet to his left (north of him) about five to six feet from the road. He (the witness) turned to his right

1. It is unclear why Mrs. Catina's first name was listed as Anita in No. 1765 October Term, 1970 and as Anna in No. 1766 October Term, 1970.

The cause of action against Burke Chevrolet Sales, Inc. was discontinued prior to trial.

(south) to observe traffic and, as he turned back to the left, he heard a loud banging noise, observed a car (not identified as Mr. Maree's) pass in front of him on the roadway, and then saw Mr. Catina lying 100 feet south of him on the road.[2]

On re-cross examination, counsel for plaintiffs/appellants attempted to impeach the credibility of the witness with respect to the location of the reservist vis-a-vis the witness through the use of a prior statement that Mr. Jakubczyk had rendered on the night of the accident. In that statement, the witness had placed the fellow reservist observed just prior to the accident as being to his right, or south, of him. This was the *only* area of the witness's recollections that counsel sought to impeach by use of the prior inconsistent statement.

On re-direct following re-cross, counsel for defendants/appellees then requested, and was granted, permission to have the witness read the entire statement. The following exchange took place:

RE–DIRECT EXAMINATION BY [DEFENSE COUNSEL]:

Q. Mr. Jakubczyk, would you read for us the entire statement that you gave on November 19, 1968. . . .

A. At about 1840 hours I was standing in front of west edge of Route 315 waiting to cross the highway to United States Army Reserve Center, the victim prior to being struck by the vehicle was standing at the same edge of the highway approximately fifteen to twenty feet south of me, waiting to cross. I saw the victim struck by the vehicle which was traveling south on—

---

**2.** The import of this testimony was the circumstantial inferences that this car which passed in front of the witness was Mr. Maree's car and, further, that since that car was on the roadway at that time, it was probably on the roadway at the point of impact. Appellants strenuously objected to this testimony as being irrelevant because the fact of *a car* passing was too tenuously connected to the inferences sought to be raised. We need not address this issue because of our disposition of the remaining issue preserved for our review.

[PLAINTIFF'S COUNSEL]: Now, if the Court please, so the record is protected, I want to object to his reading the entire statement because of the fact it hasn't been brought out by me on re-cross or cross.

BY THE COURT: Well, he's read three-quarters of it without objection so he can go ahead now.

[DEFENSE COUNSEL]:

Q. Continue to read it, Mr. Jakubczyk?

A. I saw the victim struck by the vehicle which was traveling south in the passing lane, the vehicle was not traveling at excessive speed—

[PLAINTIFF'S COUNSEL]: If the Court please, I'd ask that part of the statement be stricken because no foundation has been laid as to speed.

[DEFENSE COUNSEL]: That's what he indicated that night.

[PLAINTIFF'S COUNSEL]: He may have given it but it's still got to be bound by technical evidence and he hasn't laid the foundations.

BY THE COURT: No, you've offered this part of the statement. Are you going to offer this in evidence?

[PLAINTIFF'S COUNSEL]: No, sir.

BY THE COURT: Well then, we'll allow the witness to read it.

[DEFENSE COUNSEL]:

Q. You may continue to read it, Mr. Jakubczyk?

A. In my judgment I saw the victim's body thrown in the air and the vehicle was pulled to the side of the road, the area was very dark.

. . . .

[PLAINTIFF'S COUNSEL]: Just for the record, I would just renew my motion to strike the witness's testimony for the reason previously stated. (Notes of Testimony, 689–92).

 Appellants argue, and we agree, that it was error to permit the witness to read his entire prior statement as it exceeded the scope of the testimony elicited at previous

stages of examination and, additionally, included an improper opinion as to speed. As a general rule, one who calls a witness is required to elicit on his first (direct) examination all that is wished to be proved by that witness—such rule is manifestly in the interests of fairness and expedition of litigation. McCormick, *Evidence* § 32, Redirect and Subsequent Examinations (West 2d Ed. 1972). While there is division of authority on the scope of cross-examination between jurisdictions favoring restrictive cross (as in Pennsylvania: *see generally Kline v. Kachmar*, 360 Pa. 396, 61 A.2d 825 (1948)) and those allowing "wide-open" cross, no such division exists as regards redirect and subsequent examinations; as to these subsequent examinations, the practice is uniform that the party's examination is limited to answering *only* such matter as was drawn out in the immediately preceding examination of the adversary. *Id.*

■■■■ Pennsylvania law regarding use of prior statements is consistent with this aforementioned uniform practice— where portions of a statement made by a witness are used on cross-examination to impeach his testimony, "other portions of the statement *which are relevant to the subject matter on which he was cross-examined* may be introduced in evidence *to meet the force of his impeachment.*" *Commonwealth v. Marino*, 213 Pa.Super. 88, 245 A.2d 868, 874 (1968) (emphasis added), *aff'd* 435 Pa. 245, 255 A.2d 911 (1969), *cert. denied* 395 U.S. 983, 89 S.Ct. 2145, 23 L.Ed.2d 771 (1969). As this Court stated in an analogous situation in *Commonwealth v. Fisher*, 447 Pa. 405, 290 A.2d 262, 268 (1972), where prior statements are used for rehabilitation following impeachment by such statements on cross-examination, the portions used to rehabilitate must be related to the prior testimony given in the trial: "the supporting [rehabilitating] fact must not merely be logically relevant to explain or refute the impeaching fact, but it must meet the attack with relative direction. The wall, attacked at one point, may not be fortified at another." (quoting McCormick, *Evidence* § 49 (1954)).

■ Appellees do not dispute that the portion of the statement concerning the vehicle's speed was unrelated to any preceding testimony of the witness, but, rather, argue that the reading of the entire statement was necessary to "give the jury the benefit of the entire statement, show the excited nature of the statement, and demonstrate the circumstances surrounding the statement. . . ." Brief for Appellee at 7. We are not persuaded by this make-weight argument. The reading of the irrelevant portion of the statement regarding the vehicle's "not traveling at excessive speed" has no bearing on the "excited nature of the statement" nor the "circumstances surrounding the statement", and the argument that it was offered to "give the jury the benefit of the entire statement" is nothing more than bootstrapping. Since the impeaching portions of the statement pertained only to the relative locations of the witness and the observed reservist, the portions of the statement concerning the speed of the vehicle clearly was not relevant to "meet the force of the impeachment" and exceeded, therefore, the permissible bounds of redirect examination.

■ Moreover, that portion of the witness's statement concerning the vehicle's speed was also introduced in violation of the opinion evidence rule. In the context presented herein, this Court has held "while lay witnesses are permitted to express opinion estimates of vehicle speed in numerical terms, terms such as 'fast' or 'slow' or 'excessive' and the like have been found to be conclusory in nature as well as lacking in evidentiary value." *Starner v. Wirth*, 440 Pa. 177, 181, 269 A.2d 674 (1970). Appellants' objection to the witness's statement concerning speed ("not traveling at excessive speed") should have been sustained on that basis as well, especially in light of the fact that the trial court had previously disallowed similar testimony of a witness for appellants. (The witness was one Robert Yurksis.)

■ The Superior Court agreed that the trial court's ruling permitting the offending portions of Mr. Jakubczyk's testimony to be read was improper, but found the error harmless. In a case such as this, where recollections of the

various witnesses and resolution of the conflicts between their versions is the critical issue, the comment by one of the witnesses that the vehicle's speed was not excessive could have been quite damaging since it was appellants' contention that Mr. Maree's vehicle had swerved off of the road due to its excessive rate of speed. The Superior Court itself recognized that "admission of the testimony permitted appellee to confront the jury with a statement by a purported eyewitness corroborating other testimony that the victim was struck on the road. . .". 272 Pa.Superior 263, 415 A.2d at 421. In light of this recognition and that court's accurate observation that the case "centered primarily on the credibility of the witnesses. . .", *id.*, 272 Pa.Superior at 270, 415 A.2d at 425, we cannot accept the view that the error was harmless.

█ Finally, appellees argue that the objections to the reading of the speed testimony were untimely because an objection was not interposed when counsel first directed Mr. Jakubczyk to read the entire statement. The lower court en banc overruled appellants' objections on this basis (untimeliness). As seen by the notes of testimony reprinted above, appellants' counsel objected immediately before the offending speed opinion was read, immediately after, and again a short time later, and has preserved the issue through all stages of appellate review. To find the objections untimely merely because, as the court en banc stated, "[p]laintiffs . . . waited [to object] until the witness had read three fourths of the statement . . ." would negate our long standing rule that an objection made prior to the presentation of objectionable evidence is timely.

For the foregoing reasons, the Opinion of the Superior Court is reversed and a new trial is granted.

ROBERTS, J., filed a dissenting opinion in which HUTCHINSON, J., joined.

NIX, J., filed a dissenting opinion in which HUTCHINSON, J., joined.

ROBERTS and NIX, JJ., filed dissenting opinions in which HUTCHINSON, J., joined.

452

ROBERTS, Justice, dissenting.

I dissent. It is unwarranted on this record to remand this case involving a 1968 accident for a new trial in 1982 on the basis of an evidentiary ruling that, even if erroneous, was not prejudicial to plaintiff-appellant.

Contrary to the majority's assertion, appellant did not make a timely objection to defense counsel's introduction into evidence of the entire prior statement of Mr. Jakubczyk. Appellant had introduced the statement, in part, in the immediately preceding examination of Mr. Jakubczyk. Appellant, who necessarily was familiar with the full content of the statement, made no objection when defense counsel asked Mr. Jakubczyk: "would you read for us the entire statement that you gave on November 19, 1968. . . ." Only after Mr. Jakubczyk had read three-quarters of the statement, thus reinforcing that portion of the statement which had already been read on appellant's recross-examination of the witness, did appellant object to the admissibility of the entire statement.

Even assuming that appellant did object in a timely fashion, the overruling of that objection is not reversible error. Although the full statement exceeded the scope of recross-examination and, in part, constituted improper opinion testimony, the content of that statement did not prejudice appellant.

If considered as impeachment evidence, the full statement supported appellant's position that witness Jakubczyk's testimony at trial was unreliable. Not only was the witness's prior statement as to the victim's location inconsistent with his trial testimony, as had been brought out by appellant on recross-examination, but also the witness's prior statement that he "saw the victim struck by the vehicle which was traveling south in the passing lane," was at odds with the witness's trial testimony that he had not seen the impact. Moreover, this prior statement of Mr. Jakubczyk, a defense witness, conflicted with the testimony of appellee-defendant

himself, who stated that he had been driving in the non-passing lane.

As substantive evidence, the full statement could hardly have been given any weight by the jury because, as noted, the witness testified at trial that he had not seen the impact, thereby recanting his earlier, inconsistent account of the incident. This subsequent recantation would also have given the jury cause to discredit the witness's prior statement that "the vehicle was not traveling at excessive speed" when it hit the victim. Because evidence had already been presented at trial regarding the actual speed at which the vehicle was traveling and the challenged statement was made prior to trial by a witness who testified at trial that he, in fact, had not seen the incident, the witness's improper statement of opinion cannot be said to have unduly interfered with the jury's province as factfinder.

As this record provides no basis for disturbing the jury's verdict in favor of appellee, the order of the Superior Court should be affirmed.

HUTCHINSON, J., joins in this dissenting opinion.

NIX, Justice, dissenting.

I cannot agree that it was prejudicial error or an abuse of discretion to have permitted the witness, Louis Jakubczyk, to read his entire prior statement on re-direct examination following re-cross examination.

The evidentiary matter addressed by the majority raises the question of the scope of re-direct examination. According to 6 Wigmore (Chadbourn Rev. 1976) § 1867:

> ... it is a cardinal doctrine, applicable generally to all of the ensuing rules [including those regarding redirect examination] that they are not invariable, that they are directory rather than mandatory, and that an *alteration of the prescribed customary order* is always allowable in the *discretion of the trial court....* " [Emphasis added.]

We have adopted the cardinal principle set forth in Wigmore, *supra.* *Commonwealth v. Stokes*, 475 Pa. 312, 380 A.2d 370 (1977) ("The scope of redirect examination is largely within the discretion of the trial court."). We have further permitted new testimony "which could have been put in before, or of a repetition of matters already testified to," 6 Wigmore (Chadbourn Rev.1976) § 1896, *citing Curren v. Connery*, 5 Binn. 488 (1813).[1] *Kline v. Kachmar*, 360 Pa. 396, 61 A.2d 825 (1948), cited by the majority in its discussion on the scope of cross-examination, sheds no light here on the central issue of the scope of re-direct examination following cross-examination. Further, McCormick, *Evidence* § 32, Redirect and Subsequent Examinations (West 2nd Ed. 1972) concedes that

> ... the judge under his general discretionary power to vary the normal order of proof may permit the party to bring out on redirect examination some matter which is relevant to his case or defense and which through oversight he has failed to elicit on direct.

In the instant case there was no prejudice to appellant. The witness, Louis Jakubczyk, testified at the trial under oath that he did not see the accident. Anything contained to the contrary in his prior statement merely reflected negatively upon his credibility as a *defense* witness. We should not presume the jury incorrectly utilized his testimony.

Since I do not believe the learned trial judge abused his discretion, I would not have reversed the Superior Court.

HUTCHINSON, J., joined in this opinion.

1. Federal courts have adopted the *Wigmore* cardinal principle also. *See, United States of America v. Allain*, 671 F.2d 248 (7th Cir. 1982); *Murray v. Toyota Motor Distributors, Inc.*, 664 F.2d 1377 (9th Cir. 1982); *United States of America v. Helmick*, 652 F.2d 59 (6th Cir. 1981); *United States of America v. Caudle*, 606 F.2d 451 (4th Cir. 1979); *United States of America v. Taylor*, 599 F.2d 832 (8th Cir. 1979); *United States of America v. Hodges*, 480 F.2d 229 (10th Cir. 1973).