J-A13005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VICKY L. KURTZ, INDIVIDUALLY AND AS THE ADMINISTRATIX OF THE ESTATE OF DESIREE SMITH | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 713 WDA 2017 |
| JIM'S CUSTOM COLLISION, INC., TBC CORPORATION, A DELAWARE CORPORATION; THE DEL-NAT TIRE CORPORATION, A NEVADA CORPORATION; COOPER TIRE AND RUBBER COMPANY, A DELAWARE CORPORATION | : : : : : : : | |

Appeal from the Judgment Entered June 9, 2017
In the Court of Common Pleas of Jefferson County
Civil Division at No(s):  143-2015 CD,  149-2014 CD, 95-2015 CD

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 13, 2018**

Appellant, Vicky L. Kurtz, individually and as administratix of Desiree Smith's ("Decedent's") estate, appeals from the June 9, 2017 judgment entered in favor of Jim's Custom Collision, Inc. ("Jim's").  We affirm.

The factual background and procedural history of this case are as follows.  In October 2012, Jim's inspected and rotated the tires on Deidre Steiner's ("Steiner's") vehicle.  Jim's ordered new tires for Steiner's vehicle and notified her when those new tires arrived; however, she declined to have them installed.

On February 28, 2013, Decedent was a passenger in Steiner's vehicle which was traveling on State Route 153 in the area commonly known as Boone Mountain. A winter storm created a virtual "whiteout" in that area. Amber Boyer ("Boyer"), who was traveling in the opposite direction, testified she saw Steiner's car, which was traveling between 50 and 60 miles per hour, sliding into her lane for approximately two seconds. She took evasive action to avoid a collision. N.T., 4/12/17, at 208-210. Steiner's vehicle continued to slide and collided with the vehicle directly behind Boyer. Decedent died as a result of injuries suffered during the crash.

Appellant instituted the instant lawsuit alleging Jim's improperly rotated the tires on Steiner's car. Appellant later amended her complaint to add products liability claims against additional defendants. Those products liability claims were settled prior to trial. Also prior to trial, Appellant moved *in limine* to exclude Boyer's testimony relating to the speed of Steiner's vehicle. On April 3, 2017, the trial court denied that motion.

On April 13, 2017, the jury found in favor of Jim's. The verdict slip in this case included special interrogatories. The first special interrogatory asked if Jim's was negligent in failing to properly inspect and rotate the tires on Steiner's vehicle. As the jury answered "no" to this question, it did not reach the other questions listed on the verdict slip. On April 18, 2017, the trial court denied Appellant's timely post-trial motion. Appellant filed a premature notice

of appeal.[1] On June 9, 2017, the trial court entered judgment in favor of Jim's and against Appellant. Appellant's notice of appeal is considered filed as of that date. *See* Pa.R.A.P. 905(a).

Appellant presents one issue for our review:

Whether the trial court erred in allowing [Boyer] to testify as to the speed of [Steiner's] vehicle . . . ?

Appellant's Brief at 4.

Appellant challenges the trial court's denial of her motion *in limine*. "When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review." ***Commonwealth v. Ivy***, 146 A.3d 241, 250 (Pa. Super. 2016) (citation omitted). An error of law constitutes an abuse of discretion. ***Nat'l Cas. Co. v. Kinney***, 90 A.3d 747, 753 (Pa. Super. 2013) (citation omitted).

Under Pennsylvania law, a lay witness may estimate a vehicle's speed if he or she had an "overall opportunity for adequate observation" of the other vehicle, such that someone who has experience operating a vehicle could accurately estimate the vehicle's speed. ***Fisher v. Central Cab Co.***, 945 A.2d 215, 219 (Pa. Super. 2008) (citation omitted). In order to satisfy this requirement, the lay witness must have observed the vehicular movement in

---

[1] On May 18, 2017, the trial court ordered Appellant to file a concise statement of matters complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On December 22, 2017, Appellant filed her concise statement. On December 28, 2017, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue was included in her concise statement.

- 3 -

question and also similar vehicles at varying speeds. *Id.* at 218 (citation omitted). While there is no minimum amount of distance or time a witness must observe a vehicle, a "fleeting glance" is insufficient to permit such lay opinion testimony. *See Radogna v. Hester*, 388 A.2d 1087 (Pa. 1978). Moreover, trial courts must consider the angle the vehicle was traveling in relation to the lay witness, *Catina v. Maree*, 415 A.2d 413, 419 (Pa. Super. 1979), *rev'd on other grounds*, 447 A.2d 228 (Pa. 1982), the lighting conditions/visibility, *id.*, and the lay witness' driving experience. *Fisher*, 945 A.2d at 215.

The trial court found that Boyer had the necessary amount of time to make a reasonable estimation of the vehicle's speed. Trial Court Opinion, 12/28/17, at 1. The trial court reasoned that Boyer's competency was established by her ability to see the car and take evasive action while retaining a vivid memory of the occurrence, her driving experience, and her confidence in the estimation. *Id.* at 1-2. Although Boyer's driving experience is relevant to the admissibility of her testimony, her level of confidence is not relevant to its admissibility. There is no basis in case law to support allowing her testimony due to this factor. Furthermore, Boyer testified that her visibility was impaired due to the weather conditions at the time of the accident. Most significantly, the Steiner vehicle was sliding towards Boyer as she observed it. N.T., 4/12/17, at 209-10. Few, if any, lay persons have experience in assessing the speed of a vehicle as it slides down a hill, especially when the

lay person is observing the sliding vehicle for a mere two seconds.  These are established factors weighing against permitting such testimony. **See Fisher**, 945 A.2d at 915; **Maree**, 415 A.2d at 419.  Accordingly, in considering all of the relevant factors, we conclude that the trial court erred in denying Appellant's motion *in limine* to exclude Boyer's testimony.

Having determined that the trial court erred in permitting Boyer's testimony, we turn to whether the error was harmless.  An error is harmless if there is no reasonable possibility the error may have contributed to the verdict.  **Commonwealth v. Brown**, 185 A.3d 316, 330 (Pa. 2018) (citation omitted).  There is no reasonable possibility an error contributed to the verdict if:

(1)    the error did not prejudice the [losing party] or the prejudice was *de minimis*;

(2)    the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or

(3)    the properly admitted and uncontradicted evidence [] was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

**Id.** (citation omitted).

In this case, the error was harmless because Boyer's testimony did not prejudice Appellant.  The purpose of Boyer's testimony was to establish Steiner's contributory negligence.  Specifically, Boyer's testimony was introduced to establish that Steiner was driving too fast for conditions; and

therefore, was contributorily negligent. However, since the jury did not find Jim's negligent, the jury did not consider contributory negligence. Therefore, Boyer's testimony did not prejudice Appellant. *See Boyle v. Indep. Lift Truck, Inc.*, 6 A.3d 492, 496 (Pa. 2010) (citations omitted); *Robinson v. City of Philadelphia*, 478 A.2d 1 (Pa. Super. 1984); *Dean v. Trembley*, 137 A.2d 880, 883 (Pa. Super. 1958) ("the jury having found that the defendant was not guilty of negligence, it must be assumed that the matter of the alleged contributory negligence of plaintiff, as contended by the defendant, was never considered by the jury"); *Whitton v. H.A. Gable Co.*, 200 A. 644, 646 (Pa. 1938) ("As the jury found no negligence on the part of [defendant] the question of contributory negligence passes out of the case, and any error in the charge in this respect would not have been prejudicial.").

At oral argument, Appellant averred that notwithstanding the fact that Boyer's testimony only went to contributory negligence, it still was prejudicial with respect to the jury's negligence finding. This argument is without merit. It is well-established that jurors are presumed to follow the trial court's instructions. *Commonwealth v. Patterson*, 180 A.3d 1217, 1228 (Pa. Super. 2018), *citing Commonwealth v. Spotz*, 896 A.2d 1191, 1224 (Pa. 2006); *Commonwealth v. O'Hannon*, 732 A.2d 1193, 1196 (Pa. 1999) ("Absent evidence to the contrary, the jury is presumed to have followed the trial court's instructions."). The trial court instructed the jury to first consider if Jim's was negligent. The jury was instructed to consider the issue of

Steiner's negligence only if it found Jim's negligent. N.T., 4/13/17, at 108-109. Since the jury found Jim's was not negligent, the jury did not consider Steiner's negligence during deliberations. As such, the trial court's error did not prejudice Appellant and the error was harmless.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2018