J-A23001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUOMARA NUNEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KLS ENTERPRISES T/A AND D/B/A | : | |
| MCDONALDS RESTURANT AND | : | |
| MCDONALDS STORE #8261 | : | No. 3542 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered November 20, 2019,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  No. 190700954.

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED FEBUARY 9, 2021**

KLS Enterprises t/a and d/b/a McDonald's Restaurant and McDonald's Store #8261 appeals from the order denying the petition to open default judgment entered against it in this personal injury case.  Upon review, we affirm.

The procedural history and relevant facts of this case are as follows. KLS is a Pennsylvania corporation.  It owns and operates several McDonald's restaurants in the Philadelphia area.

On July 9, 2019, Suomara Nunez filed a complaint against KLS claiming that she was injured while working at KLS' Torresdale Avenue McDonald's restaurant. Nunez served the complaint upon KLS on July 17, 2019, by

_____

[*] Retired Senior Judge assigned to the Superior Court.

handing it to: 1) Tashiana Damey, the shift manager at KLS' Ogontz Avenue McDonald's; and 2) Arrona Jones, the department manager at KLS' Torresdale McDonald's. KLS' human resources director, DaShaun Youngblood first learned of Nunez' complaint on July 23, 2019, when she was given a copy of it at their weekly leadership meeting. That same day, Youngblood sent the complaint to KLS' general liability carrier (Zurich Insurance Co.) and its worker's compensation carrier (Guard Insurance Co.), via email, and reported Nunez' lawsuit to them. Thereafter, KLS did not file a response to the complaint.

On August 7, 2019, Nunez served KLS with a ten (10) day notice of intent to take a default judgment by mailing a copy to the Ogontz and Torresdale restaurants' addresses. Still, KLS did not respond to the complaint.

On August 22, 2019, Nunez praeciped for entry of default judgment, which was entered the same day. Notice was sent to KLS at both the Ogontz and Torresdale addresses. After learning of the default judgment, KLS retained counsel and filed a petition to open the default judgment on October 4, 2019.

At the hearing on KLS's petition, Youngblood testified that once she learned of Nunez' complaint, she sent it to both KLS' worker's compensation and general liability insurance carriers. Having done so, KLS relied on its carriers to handle the matter. Youngblood further testified that she did not receive either the notice of intent to take a default judgment or the default judgment. Instead, according to Youngblood, she learned about the default

judgment from McDonald's corporate on September 20, 2019, via an email. Nonetheless, the trial court denied KLS' petition to open the judgment.

KLS filed this timely appeal. On appeal, KLS raises the following single issue:

> I. Whether the [t]rial [c]ourt abused its discretion in denying KLS' petition to open default judgment where the three factors necessary to open a default judgment . . . were present .

**See** KLS' Brief at 4.

Generally, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. **Dumoff v. Spencer**, 754 A.2d 1280, 1282 (Pa. Super. 2000). Our standard of review for a challenge to a decision concerning the opening of a default judgment is well settled.

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.
>
> However, we will not hesitate to find an abuse of discretion if, after our [] review of the case, we find that the equities clearly favored opening the judgment.
>
> An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Id.* (citations omitted).

In its appeal, KLS claims that the trial court abused its discretion in denying KLS' petition to open the default judgment entered against it because KLS argues that it satisfied the three requirements to open a default judgment. In particular, KLS offered a reasonable explanation for its failure to respond to the complaint. Upon receipt of the complaint, KLS sent it to its insurance carriers and relied on them to handle the matter; KLS itself did not have expertise to respond to the complaint. However, neither of KLS' insurance carriers responded to the complaint. Furthermore, KLS did not receive notice of Nunez' intent to take a default judgment or entry of the actual judgment. KLS Brief at 19-21.

KLS also argues that the trial court failed to consider the equities and prejudices in this case. Consequently, according to KLS, this Court should reverse the trial court's order, and allow this case to proceed on its merits. KLS' Brief at 34-35.

In this case, the focus was on the third requirement needed to open a default judgment. KLS argued that it had a reasonable excuse or explanation for not responding to Nunez' complaint. Specifically, KLS, unsophisticated in legal matters, *justifiably* believed that its insurance carriers were protecting its legal interests, but failed to timely respond on behalf of KLS. Trial Court Opinion, 3/16/20, 3-4.

Generally, courts have found that an insured's belief that its legal interests were being protected by its insurance carrier constitutes a

- 4 -

reasonable excuse or explanation for the insured's failure to file a timely responsive pleading. *Flynn v. Casa Di Bertacchi Corp.*, 674 A.2d 1099, 1102-03 (Pa. Super. 1996); *Autologic Inc. v. Cristinzio Movers*, 481 A.2d 1362 (Pa. Super. 1984). However, "if the insured failed to inquire of the insurer as to the status of the case after events have occurred which should have reasonably alerted the insured to a possible problem, [particularly notice of the other party's intent to take a default judgment], the insured is precluded from asserting a *justifiable* belief that its interests were being protected." *Autologic*, at 1363; *Flynn*, at 1103. Additionally, where the insured is not a layperson, but a sophisticated insured such as corporate defendant with the means to monitor legal claims, the courts have found that such belief was not justifiable. *Flynn*, at 1102-1103.

Here, the court rejected KLS' claims, and found that, under the circumstances of this case, KLS was not justified in believing that its insurance carriers were handling the matter. Therefore, KLS failed to prove that it had a reasonable excuse for not responding. Trial Court Opinion, 3 at 4.

First, the trial court found that KLS was not a layperson, but rather a sophisticated insured and corporate defendant with the means to monitor legal claims. Trial Court Opinion, 3/16/20, at 3. The court explained:

> [KLS] has been in business for several years as a corporate franchisee of the McDonald's Corporation. As a franchisee, [KLS] receives support and assistance from McDonald's Corporation including information regarding lawsuits and insurance.

*Id.*, 3/16/20, at 3-4. We observe that the evidence further showed that KLS was involved in multiple lawsuits before Nunez initiated hers.

Additionally, the trial court found that KLS received notice of Nunez' intent to take a default judgment evidenced by the certificate of service showing that Nunez sent it to KLS at both its Ogontz and Torresdale restaurants. It was KLS' process that such mail was to be given to Youngblood at KLS' weekly leadership meetings. Although Youngblood testified that she never received Nunez' notice of intent to take a default judgment, given this evidence, the trial court did not find her testimony credible, which we cannot disturb. The court explained that this notice "should have alerted [KLS] to the possibility that [its] insurance carriers were either (1) not going to defend it against the claim, or (2) were delinquent in their duties." Trial Court Opinion, 3/16/20, at 4. Instead, KLS merely sent a copy of Nunez' complaint to its insurance carriers, and made no inquiries thereafter as to the status of this claim.

The trial court further explained that, unlike the case of ***Reid v. Boohar***, 856 A.2d 156 (Pa. Super. 2004), where this Court found that the insured had a reasonable excuse, KLS did not allege that its insurance carriers were unresponsive, made a mistake or oversight in their operation or lost their claim files. *Id.* at 4 fn. 2. In fact, KLS offered no explanation for the insurance carriers' lack of response until after entry of the default when they both denied coverage.

The instant case is similar to **Bethlehem Apparatus Co., Inc. v. H.N. Crowder, Jr., Co.**, 364 A.2d 358 (Pa. Super. 1976), instructive. In **Bethlehem**, an insured received service of a complaint naming it as a defendant in a breach of contract action. The insured alerted his insurance carrier of the receipt of the complaint, explained the circumstances, and asserted his belief that the matter was covered by his liability insurance. **Id**. at 360. The insured received no response from the carrier, and took no action to defend against the action until it learned of the entry of a default judgment. **Id**. at 359-60. The insured in **Bethlehem** offered no explanation or information regarding why the insurance carrier failed to mount a defense on its behalf. Accordingly, this Court concluded that "the record clearly shows that the [insured] has not acted in a manner that would have enabled it to rely justifiably upon legal representation by the insurance carrier." **Id**. Similarly, KLS was not justified in relying on its insurance carriers when they failed to inquire as to the status of the claim or confirm that KLS' carriers were taking steps to handle the matter.

KLS further argues that the trial court erred in denying KLS' request to open the default judgment because it failed to consider the equities in this case.

When considering whether to open a default judgment, courts must "determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receives an

opportunity to have the case decided on the merits." ***Duckson v. Wee Wheelers***, 620 A.2d 1206, 1208 (Pa. Super. 1993). However, the court "cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." ***Myers v. Wells Fargo***, 986 A.2d 171, 176 (Pa. Super. 2009) (citations omitted).

Here, the court found that KLS did not satisfy the reasonable explanation for not timely responding to the complaint prong. Therefore, the trial court properly did not consider further the equities of the case. KLS is entitled to no relief.

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in denying KLS' petition to open the default judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/09/2021